CHRISTINE ROLT-WHEELER, Respondent, v. FRANCIS ROLT-WHEELER, Appellant.

First Department, December 29, 1916.

Husband and wife — alimony — enforcement of judgment for arrears of alimony — when sequestration proceedings do not lie — execution against husband's wages — Code Civil Procedure, § 1391.

A wife who has obtained a judgment against her husband for unpaid alimony which was awarded under a decree for separation and who has had an execution against her husband's property returned unsatisfied

cannot maintain sequestration proceedings to reach wages due and owing to her husband, it being conceded that he has no other property real or personal. Her remedy is to apply for an order under section 1391 of the Code of Civil Procedure, which applies not only to the prospective earnings of the judgment debtor, but also to accrued earnings which have not yet been paid.

LAUGHLIN, J., dissented.

APPEAL by the defendant, Francis Rolt-Wheeler, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of May, 1916, sequestering certain of defendant's property.

*Otto A. Gillig,* for the appellant.

*Arthur J. Westermayr,* for the respondent.

DOWLING, J.:

This action was brought by plaintiff against the defendant, her husband, for a separation on the ground of cruel and inhuman treatment, abandonment and non-support. An order having been made requiring defendant to pay to plaintiff for her support and that of her two children the sum of fifteen dollars weekly, and defendant having failed to comply therewith although served with a certified copy thereof, he was committed to the county jail in the county of New York, and remained therein until discharged according to law. On March 15, 1916, judgment was entered in favor of plaintiff against defendant in the sum of $346, representing alimony accumulated to that date. On March 23, 1916, execution thereon was returned unsatisfied by the sheriff of the county of New York. On April 24, 1916, plaintiff obtained an order to show cause " why an order should not be made sequestrating the property of the defendant now in the possession of the Board of Education of the City of New York." This order to show cause was based on an affidavit of plaintiff wherein, among other things, she alleges: " That the defendant has no property, real or personal, of which the deponent has any knowledge, and that he is engaged in literary work and earns various sums of money from time to time, averaging, as deponent is informed and believes, from Sixty

($60.00) Dollars to Sixty-five ($65.00) per week. That the defendant is a lecturer for the Board of Education, and as such is called upon and does deliver lectures for the lecture system of the Board of Education in various parts of the City of New York. That there is at present due the defendant for such lectures the sum of One Hundred and Sixty ($160.00) Dollars, which said sum has been duly audited and ordered to be paid by the comptroller of the City of New York. That a third-party order was issued out of this Court, under which the officers of the Board of Education made proof that the sum of One Hundred and Sixty ($160.00) Dollars is at present due the defendant for lectures delivered, and that the said sum of One Hundred and Sixty ($160.00) Dollars had been passed through the department and ordered to be paid as aforesaid. That an order has been made herein by Justice Bijur, directing the comptroller of the City of New York or other proper officials of the City of New York to pay over to the sheriff of the County of New York the said sum of One Hundred and Sixty ($160.00) Dollars, but the said order has not been obeyed upon the ground that the procedure was irregular and that sequestration proceedings must be taken to secure the payment as aforesaid. That, accordingly, these proceedings for the sequestration of said sum are hereby instituted."

The answering affidavit of the defendant, among other things, avers that " the sum of $160 referred to in the moving papers, which plaintiff seeks to sequestrate, is due to me from the Board of Education of the City of New York for wages as lecturer."

The order of sequestration herein was improperly granted. Concededly, defendant had no property, real or personal. The amount due him by the board of education represented, if not wages or salary, certainly earnings. The plaintiff could not change the character of this fund by delaying or preventing its payment over to defendant. The case comes directly within the scope of section 1391 of the Code of Civil Procedure, providing that " Where a judgment has been recovered and where an execution issued upon said judgment has been returned wholly or partly unsatisfied, and where any wages, debts, earnings, salary, income from trust funds or profits *are due and*

*owing* to the judgment debtor or shall *thereafter become due and owing* to him, to the amount of twelve dollars or more per week," the judgment creditor may apply to the court for an order directing that not to exceed ten per centum of such sums shall be paid over to apply on the judgment. This court (175 App. Div. 931) has affirmed the decision in *Valentine* v. *Williams, Inc.* (N. Y. L. J. May 26, 1916), holding that the only lien of a judgment upon prospective earnings is as to the ten per centum thereof limited by the statute, and the same reasoning applies to accrued earnings, which are also within the language of the statute.

The order appealed from is reversed, but without costs, and the motion to sequestrate defendant's property denied. This is without prejudice to plaintiff's right to move for relief under section 1391 of the Code of Civil Procedure.

CLARKE, P. J., PAGE and DAVIS, JJ., concurred; LAUGHLIN, J., dissented.

Order reversed and motion denied, without costs.