MARION HAYWARD, Respondent, *v.* IRVING HAYWARD, Appellant.

First Department, May 4, 1917.

Judgment — execution — levy against accruing salary unauthorized — garnishment — third party order for examination in proceedings supplementary to execution — restraining disposition of property · pending examination.

Although a fund representing salary earned, whether in the possession of the employer or of the employee, or of a third person, is not exempt from levy under execution and may be seized wherever found, a levy may not be made against the employer when the salary is not only not due but is only partially earned.

The only way to reach an accruing salary is by garnishment proceedings under section 1391 of the Code of Civil Procedure.

A third party order in supplementary proceedings may be issued against an employer directing an examination concerning its alleged indebtedness, and, pending such examination, restraining the disposition of any property belonging to the judgment debtor.

APPEAL by the defendant, Irving Hayward, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of February, 1917, denying defendant's motion to vacate a sheriff's levy, to vacate an order for the examination of a third party, and to compel a third party to pay over money.

*I. Maurice Wormser,* for the appellant.

*Francis C. Nickerson,* for the respondent.

SHEARN, J.:

This is an appeal from an order of the Special Term denying defendant's motion to vacate and set aside an attempted levy under an execution upon a weekly salary payable to the defendant by the Palace Operating Corporation, pursuant to a written contract entered into by the defendant under the name of Alan Brooks & Company and the Palace Operating Corporation for the production of a vaudeville sketch by the defendant, assisted by three other persons provided by the defendant, for which said "Alan Brooks & Company" were to be paid a salary of $665 upon the conclusion of the final performance. The contract was made on January 13, 1917, and its term was one week commencing on January 15, 1917. Judgment for $1,075 was entered in favor of the plaintiff and against the defendant in this action on January 20, 1917, and execution thereupon was issued to the sheriff of the county of New York upon the same day, and on that day the sheriff caused a notice of levy to be served on the Palace Operating Corporation. Subsequently a third party order in proceedings supplementary to execution was issued directing the Palace Operating Corporation to appear and be examined concerning the alleged fund under its control, and the order restrained the Palace Operating Corporation from transferring or otherwise disposing of the alleged fund. The plaintiff justifies the levy and the order appealed from by asserting that salary earned is not exempt from execution, and that the only purpose of the provisions of section 1391 of the Code for the garnishment of salary is to provide a means of reaching salaries to be earned in the future by impressing a continuing lien thereon to the extent authorized until the judgment is satisfied. It is quite true that a fund representing a salary earned, whether in the possession of the employer or of the employee, or of a third person, is not exempt from levy under execution, and that such fund may be seized wherever found. But this is no such case. When the execution was issued there was no fund belonging to the defendant representing salary earned in the hands of the Palace Operating Corporation. The salary was not only not due at that time but was only partially earned. There is only one way provided by statute for reach-

ing an accruing salary, and that is the means provided in section 1391 of the Code; upon the return of an execution unsatisfied, an order may be obtained garnisheeing a percentage of salary due or to become due. If an unpaid salary, due or to become due, could be wholly seized by a judgment creditor under an execution in the manner here attempted there would be no use or sense in the elaborate provisions made in the Code for an order that an execution issue against salary, which execution shall become a lien on salary due or to become due to an amount not to exceed ten per centum thereof.

So far as concerns the order requiring the Palace Operating Corporation to be examined concerning its alleged indebtedness and, pending such examination, restraining its disposition of any property belonging to the judgment debtor, the Special Term was right in refusing to vacate the order.

The order must be reversed and the motion granted to the extent of setting aside an attempted levy against salary.

CLARKE, P. J., LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Order reversed and motion granted to extent stated in opinion.