In the Matter of RELIANCE INVESTING COMPANY, Judgment Creditor, Plaintiff, *v.* JAMES M. POWER, Judgment Debtor, Defendant.

Supreme Court, Nassau County, March 6, 1930.

*Celler & Kraushaar,* for the plaintiff.

*George J. Leffer,* for the defendant.

HUMPHREY, J. Plaintiff is the owner of an unpaid judgment against the defendant.

Defendant was formerly, and up to the end of 1928, a member of the city council of the city of Long Beach, and entitled to a salary as such of $5,000 per annum. His right to the office was contested, and during the year 1928 no part of his earned salary was paid.

By a recent decision of the Appellate Division the title to the office of councilman and the emoluments thereof were held to be his.

Plaintiff recovered its judgment against the defendant on the 7th of June, 1929. Execution thereon was returned unsatisfied, and on the 15th of November, 1929, an order in supplementary proceedings based on such judgment was issued out of the Supreme Court returnable on the 18th of November, 1929. Defendant failed to appear as directed in the order, and his default was noted.

Thereafter, and between December 17, 1929, and December 31, 1929, the city of Long Beach paid to the defendant $3,000 of the

$5,000 theretofore found to be due to the defendant, and issued a check voucher in the sum of $2,000, but before delivery to the defendant a third party order was served upon the treasurer of the city of Long Beach, by which means plaintiff seeks to obtain the $2,000 voucher check above mentioned.

Defendant moves to vacate the third party order upon the ground that it is salary for personal earnings and is necessary for the maintenance of himself and family, and that only ten per cent thereof, under the provisions of section 684 of the Civil Practice Act, may be claimed by the plaintiff to apply toward the satisfaction of the judgment.

Subdivision 1 of section 684 has no application to the situation presented on this record. The purpose of that enactment was to secure to the judgment creditor a continuing execution against salary as it should be earned by the judgment debtor, and the employer directed to deduct it from his weekly or monthly salary. (*Smith* v. *Endicott-Johnson Corp.*, 199 App. Div. 194.)

The voucher in this case was for salary earned during the year 1928 and withheld by the city of Long Beach past the period of the defendant's employment.

The provisions of section 773, subdivision 3, and the sections following are applicable to the situation here presented.

The fund and the voucher representing it are reachable in the proceeding referred to. (*Hayward* v. *Hayward*, 178 App. Div. 92.)

Defendant's motion to vacate the third party order is denied.