MORRIS PLAN INDUSTRIAL BANK OF NEW YORK, Respondent, *v.* GEORGE F. GUNNING, Defendant. PENNSYLVANIA RAILROAD COMPANY, THIRD PARTY, Appellant.

Argued April 9, 1946; decided May 29, 1946.

*Eugene Underwood* and *Herbert M. Lord* for appellant. I. The *situs* of appellant's debt to defendant is in Pennsylvania and it cannot be attached in New York. (*Douglass* v. *Phenix Ins. Co.,* 138 N. Y. 209; *Plimpton* v. *Bigelow,* 93 N. Y. 592; *Germania Fire Ins. Co.* v. *Francis,* 11 Wall 210; *Baltimore & Ohio R. Co.* v. *Harris,* 12 Wall 65; *First Bank Corp.* v. *Minnesota,* 301 U. S. 234; *Drake* v. *De Silva,* 124 App. Div. 95; *Helme* v. *Buckelew,* 229 N. Y. 363; *McMaster* v. *Gould,* 240 N. Y. 379; *Continental Purchasing Co., Inc.,* v. *Williams,* 132 N. J. L. 445; *Brock* v. *Brock,* 173 Misc. 172; *Christmas* v. *Buckley,* 43 F. Supp. 673; *Huron Corp.* v. *Lincoln Co.,* 312 U. S. 183; *Miller* v. *Swann,* 176 Misc. 607; *Furst* v. *Brewster,* 282 U. S. 493; *Hovey* v. *De Long Hook & Eye Co.,* 211 N. Y. 420; *Feinman* v. *Marks,* 294 N. Y. 367; *National Broadway Bank* v. *Sampson,* 179 N. Y. 213.) II. Section 684 of the Civil Practice Act affords the only remedy for attachment of wages and the attempted attachments under section 916 are ineffectual. (*Firmstone* v. *Mack,* 49 Pa. 387; *Hayward* v. *Hayward,* 178 App. Div. 92; *Rolt-Wheeler* v. *Rolt-Wheeler,* 175 App. Div. 852; *Judis* v. *Martin,* 218 App. Div. 402; *Heiskell* v. *Heiskell,* 99 N. Y. L. J., January 13, 1938, p. 190; *D., L. & W. Coal Co.* v. *Kenlon,* 164 Misc. 32.)

*Rutger Bleecker Miller, amicus curiæ,* in support of appellant's position. I. The Legislature has provided that a debt due to a nonresident defendant by a foreign corporation may

be attached by a creditor of defendant in this State, provided the nonresident defendant might sue the foreign corporation in this State, upon any indebtedness due or to become due. (Civ. Prac. Act, § 916.) II. The laws of Pennsylvania expressly by statute, as well as by the judgments of its courts, exempt wages or salary from attachment in the hands of an employer. The operation of section 916 of the Civil Practice Act is interpreted by prior judgments in the case at bar, to sustain a statute of the State of New York which is unconstitutional as it violates section 10 of article I of the Federal Constitution. It also violates section 1 of article IV of the Federal Constitution. (*Fulweiler* v. *Hughes,* 17 Pa. 440; *Hollander* v. *Kressman,* 143 Pa. Superior Ct. 32.) III. Section 916 of the Civil Practice Act clothes a county officer with powers that the New York laws and Constitution, limiting his powers, deny him. (*Salm* v. *Krieg,* 49 N. Y. S. 2d 694.)

*John J. Dwyer* and *Harold H. Kissam* for respondent. I. The Legislature has provided that a debt due to a nonresident defendant by a foreign corporation may be attached by a creditor of the defendant in this State, provided the nonresident defendant might sue the foreign corporation in this State. (*Douglass* v. *Phenix Ins. Co.,* 138 N. Y. 209; *Brock* v. *Brock,* 18 N. Y. S. 2d 648; *Tishman Realty & Construction Co.* v. *Spencer,* 24 N. Y. S. 2d 297; *Christmas* v. *Buckley,* 43 F. Supp. 673; *Harris* v. *Balk,* 198 U. S. 215; *Plimpton* v. *Bigelow,* 93 N. Y. 592; *Huron Corp.* v. *Lincoln Co.,* 312 U. S. 183; *Feinman* v. *Marks,* 269 App. Div. 664.) II. Salary or income of a nonresident debtor, upon whom service of process in this State can not be effected, may be attached pursuant to section 916 of the Civil Practice Act, and the provisions of section 684 of the Civil Service Act have no application. (*Hayward* v. *Hayward,* 178 App. Div. 92; *Rolt-Wheeler* v. *Rolt-Wheeler,* 175 App. Div. 852; *Judis* v. *Martin,* 218 App. Div. 402.)

DESMOND, J. Plaintiff Morris Plan Industrial Bank, a New York corporation which holds an unsatisfied Pennsylvania judgment against nonappealing defendant Gunning, who lives and works in Pennsylvania, has been allowed, in this suit on that Pennsylvania judgment, to take out a warrant of attachment in New York against Gunning's wages earned in Pennsylvania

from the "third party" appellant, Pennsylvania Railroad Company. The purpose and effect of that attachment is to subject to plaintiff's claim the whole of Gunning's wages so earned in Pennsylvania, although Pennsylvania law since 1845 has forbidden any garnishment or attachment of wages (*Firmstone* v. *Mack*, 49 Pa. 387) and the New York statutes, although not in terms forbidding *attachment* of wages, permit *garnishment* up to 10% of the wages only. If the decision here appealed from be right, then the total wages of a nonresident, earned outside this State, are subject to levy in the New York courts, despite garnishee laws, so long as the debtor's employer can be served with papers here.

The principal debtor Gunning has not appeared and the attack on the attachment is made by his employer, appellant Pennsylvania Railroad Company. Appellant is authorized to do, and is doing, business in this State. Although counsel for plaintiff-respondent states that the judgment obtained by his client against Gunning in Pennsylvania was on a debt contracted in New York, there is nothing in the papers to show that. So far as we are concerned this suit of plaintiff-respondent Morris Plan Bank against Gunning is on a Pennsylvania obligation.

Plaintiff, commencing this suit against Gunning in the New York City Municipal Court, applied to the Municipal Court, under section 916 of the Civil Practice Act, for a warrant of attachment for the purpose of obtaining jurisdiction over Gunning. The affidavit of plaintiff's vice-president, on which the attachment was issued, shows that the property of Gunning, which plaintiff was attempting to attach in this State, consisted of the wages which Gunning was earning in Pennsylvania from appellant. The Municipal Court Marshal executed the warrant of attachment in New York City by serving the papers on a representative of appellant. Appellant thereupon moved under section 948 of the Civil Practice Act, to vacate the attachment, urging that there was no debt due from it to Gunning in New York State and thus no attachable property here. Appellant made the further point also that, if any such debt was owing from the railroad company to Gunning in New York State, it was a debt for wages which, appellant railroad company contends, is exempt from such an attachment. The Municipal Court denied appellant's motion to vacate. The Appellate Term

and the Appellate Division affirmed, the latter granting leave to appeal to this court and certifying a question to us.

This case does not, of course, directly involve a garnishee execution since a garnishee execution may be issued only after judgment. However, the ultimate purpose of procuring this attachment is to collect the judgment, when and if entered, out of Gunning's wages. Since the Marshal's return of the attachment shows that he has purported to attach all moneys due Gunning from appellant, the execution that will be issued if this attachment be upheld and judgment entered in the cause, will authorize a levy on all of Gunning's wages, not merely on the per cent thereof as to which a garnishee execution could be issued if judgment were obtained in New York against Gunning on personal service.

Appellant railroad company argues that the *situs* of its debt to Gunning is in Pennsylvania, not New York, and that, accordingly, such debt does not constitute property of Gunning attachable in New York, citing *Plimpton* v. *Bigelow* (93 N. Y. 592) and *Douglass* v. *Phenix Ins. Co.* (138 N. Y. 209). Both those cases, construing the New York attachment statutes then in effect, held that a debt due from a foreign corporation to a New York resident could not be attached in this State since the *situs* of that debt was not in New York but in the State where the foreign corporation had its domicile. Subsequent statutory changes in this State have, however, changed that rule. In 1936, by chapter 818 of the laws of that year, section 916 of the Civil Practice Act was amended by adding this: " Within the meaning of this section there shall be included any indebtedness due or to become due from a non-resident or foreign corporation, upon whom or which service of process may be made within this state, to any person whether a non-resident or foreign corporation." That 1936 amendment was clearly intended to abrogate the rule of *Douglass* v. *Phenix Ins. Co. (supra)*, and to make subject to levy in this State debts due to nonresidents from foreign corporations upon which service could be effected within this State. In 1940, section 916 was rewritten and subdivision 3 thereof was put into its present form. Subdivision 3 of section 916 as so rewritten in 1940 subjects to attachment any contract debt " to a resident or non-resident person or corporation, from a resident or non-resident person or corporation, upon

whom or which service of process may be had within the county ", etc. We hold that these 1936 and 1940 amendments to section 916 were intended to authorize attachment in this State of a debt to a nonresident from a foreign corporation provided the foreign corporation can be personally served in New York. *Harris* v. *Balk* (198 U. S. 215) holds valid such levies and attachments when authorized by State law (see Restatement of Conflict of Laws, § 108). In *Feinman* v. *Marks* (294 N. Y. 367), we decided, among other things, that the New York Legislature may validly subject such debts to process within this State. *Feinman* v. *Marks* was a garnishee, not an attachment case, and it actually construed not the attachment statute that is here involved, but a 1939 amendment to the garnishment statute (Civ. Prac. Act, § 684), which 1939 amendment, we held, had the effect of allowing the garnishment in New York of wages earned outside the State from a foreign corporation found in this State. It follows logically from *Feinman* v. *Marks* that this Pennsylvania wage debt, owing by the Pennsylvania Railroad Company to Gunning, has a *situs* in New York and is not beyond the reach of New York process.

We pass to appellant's next contention. Pointing out that our garnishee statute (Civ. Prac. Act, § 684), permits garnishee execution against 10% only of a judgment debtor's wages, appellant argues that section 684 describes the only machinery whereby wages may ever be reached by execution in this State. Assuming, as it does, that our garnishee statute describes the only method whereby wages may be collected under a judgment in New York, appellant reasons that section 916 of the Civil Practice Act, above referred to, making foreign debts attachable in New York, cannot, therefore, apply to wages. There are some cases in New York which angle toward that result (see *Rolt-Wheeler* v. *Rolt-Wheeler,* 175 App. Div. 852; *Hayward* v. *Hayward,* 178 App. Div. 92; *Judis* v. *Martin,* 218 App. Div. 402).

Much closer to our case is *Heiskell* v. *Heiskell* (ROSENMAN, J. not officially reported but see N. Y. L. J., Jan. 13, 1938, p. 190, col. 4) where the Special Term modified an attachment order, holding that an attachment before judgment could, because of the garnishee law, reach 10% only of the wages due the principal debtor. The theory of *Heiskell* v. *Heiskell* is that, while section

916 of the Civil Practice Act on its face permits attachment of the whole of any debt, including wages, nonetheless another attachment statute (Civ. Prac. Act, § 912, which limits the sheriff to levying upon property " not exempt from levy and sale ") has the effect of exempting from attachment the 90% of wages which are exempt from garnishment and allowing the attachment to operate only on the 10% which is subject to garnishment. In other words, to carry out the total statutory policy, the attachment and garnishment statutes must be read together. There is a sound basis for this approach, since the garnishee laws are analogous to the attachment statutes (*Plimpton* v. *Bigelow, supra; Douglass* v. *Phenix Ins. Co., supra,* and see opinion of SEARS, J., in *Morris Plan Co.* v. *Miller,* 102 Misc. 470, 471). We, therefore, agree with the reasoning of the *Heiskell* case (*supra*). That leads to a reversal. The warrant of attachment in the present case must be amended to provide that under it the sheriff may attach no more than 10% of the wages due and owing to Gunning from appellant Pennsylvania Railroad Company.

Further evidence that it is our State policy to protect all but 10% of wages from any seizure for debt is found in section 46 of the Personal Property Law, governing wage assignments.

Appellant asks not for an amendment of, but for a vacatur of, the whole attachment. We cannot vacate it on the theory that there is no *situs* of any debt in New York. Nor can we vacate this attachment *in toto* on the ground that since the wages earned by Gunning in Pennsylvania were not subject to any levy in Pennsylvania, therefore the same protection must be accorded in New York. The New York garnishment statutes are applicable to wages earned outside the State (*Feinman* v. *Marks, supra; Morris Plan Co.* v. *Miller, supra*). Some cases in other States hold that, under rules of comity, the courts of one State will not permit garnishment of wages earned in another State where the laws of that other State prohibit garnishment (see *Drake* v. *L. S. & M. S. Ry. Co.,* 69 Mich. 168). However, no New York authority to that effect is found and such a holding would be inconsistent with *Feinman* v. *Marks* (*supra*). We must reach a decision here not on any rules of comity, but by construing our own statutes. The general rule is that questions of garnishment and attachment are decided by the law of the forum since they

deal with remedies (3 Beale on Conflict of Laws, pp. 1604, 1605; Restatement of Conflict of Laws, § 590, also § 600; see *Chicago, Rock Island &c. Railway* v. *Sturm*, 174 U. S. 710, 717, 718). Therefore, the Pennsylvania law forbidding garnishment of wages has no effect in New York, although the wages attached were earned in Pennsylvania.

On the argument appellant's counsel asserted that this attachment is invalid as constituting an undue burden on the interstate commerce in which appellant is engaged. Such inconvenience as here results to appellant does not constitute an unconstitutional burden on commerce (*Davis* v. *C. C. C. & St. L. Ry.*, 217 U. S. 157).

The orders should be reversed and the case remitted to the Municipal Court, with instructions to enter an order amending the warrant of attachment so that it will direct the Marshal to attach no more than 10% of the wages in question, with costs to the appellant in all courts except the Municipal Court. The question certified should be answered as follows: " Yes, to the extent of 10% thereof."

Loughran, Ch. J., Lewis, Conway, Thacher and Dye, JJ., concur.

Orders reversed, etc.