GEORGE F. KOCH et al., Copartners Doing Business as F. KOCH-DOERRIE STUDIOS, Judgment Creditors, *v.* HELEN BURDSAL, Judgment Debtor, and CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Trustee.

City Court of the City of New York, Special Term, New York County, May 16, 1951.

*David Goldstein* for judgment creditors.

*John J. Duffy* for trustee.

No appearance for judgment debtor.

CARLIN, J. This is an application for the issuance of a garnishee execution under section 684 of the Civil Practice Act against income of a trust fund of which the judgment debtor is the beneficiary. It is stated in the moving papers that the judgment debtor testified that this income amounts to about $600 per month.

The income is not assignable under subdivision 1 of section 15 of the Personal Property Law. There is a judgment in rem against the debtor, but no judgment in personam. The judgment was obtained in an action which was begun by a levy, under a warrant of attachment, upon certain property of the judgment debtor consisting of the then accumulated income of a trust fund. Such accumulated income, which has been applied to the judgment, was sufficient to satisfy it only in part, and therefore the judgment creditors now move for a continuing garnishee execution against future income to the extent of 10% thereof.

The trustee asserts that the judgment binds only the property in existence at the time the attachment was levied and is not effective as to income subsequently accruing, even to the extent of 10% thereof.

It has been held that an attachment served upon a trustee does not bind future nonassignable income of a trust (*Judis* v. *Martin*, 218 App. Div. 402). However, this case must be considered in the light of other decisions which establish that continuing income, even of a spendthrift trust, is subject to attach-

ment to the extent of 10% thereof; these decisions imply, if they do not directly hold, that section 684 of the Civil Practice Act must be read in connection with the attachment provisions of the act, particularly section 916 (*Morris Plan Ind. Bank* v. *Gunning,* 295 N. Y. 324; *Matter of Sand* v. *Beach,* 270 N. Y. 281).

It has long been understood that a judgment creditor may reach continuing income of spendthrift trusts to the extent of 10% and that he may do so either by a suit in equity or under section 684 of the Civil Practice Act; in the particular circumstances here involved, where there is a judgment in rem, the creditor would be left remediless, from a practical standpoint, if section 684 were not applied (cf. *Matter of Havemeyer,* 127 Misc. 197).

It is therefore necessary to conclude that the warrant of attachment which was served upon the trustee was effective to reach not only accumulated income of the trust then in the trustee's possession but also, to the extent of 10% thereof, income to accrue in the future.

The method of satisfying a judgment in rem obtained in an attachment suit is indicated in sections 968 and 969 of the Civil Practice Act. The specific provisions of section 969 are not sufficiently comprehensive to be effective as to any part of income accruing *in futuro,* and ancillary use must therefore be made of section 684 of the Civil Practice Act as above indicated. Section 684 provides the remedy in any case '' Where a judgment has been recovered and where an execution issued upon such judgment has been returned wholly or partly unsatisfied ''. The section need not be read restrictively to refer only to a judgment in personam; the word '' judgment '' may be interpreted as relating also to a judgment in rem. Indeed, it appears to be the sense of the hereinabove cited cases (*Morris Plan Ind. Bank* v. *Gunning, supra;* *Matter of Sand* v. *Beach, supra*) that the section is applicable to the enforcement of judgments in rem.

The reliance of the trustee, in opposing this motion, upon section 520 of the Civil Practice Act, is misplaced, as the '' attached property '' does include, notwithstanding the contention of trustee to the contrary, continuing income of the trust fund to the extent of 10% thereof.

The moving and opposing affidavits are somewhat meagre and the court has read the papers on file in this court in connection with the attachment suit. Those papers disclose the essential facts.

The motion for the issuance of a garnishee execution under section 684 of the Civil Practice Act against the continuing income of the trust fund in question for the purpose of applying 10% of the same to this judgment in rem is granted.

The payments under the garnishee execution to be issued should be to the Sheriff who made the levy; this is necessary to conform with the requirements of section 968 of the Civil Practice Act (see *Capital City Bank* v. *Parent,* 134 N. Y. 527, 530).

Settle order on notice.