DOROTHY REHILL, Plaintiff, *v.* LEE M. REHILL, Defendant.

Supreme Court, Special Term, New York County, November 6, 1952.

*Harold Davis* for defendant.

*Henry L. Bayles* for plaintiff.

WALTER, J. Plaintiff sues to recover a sum of money allegedly due under a separation agreement. Upon the ground that defendant is a nonresident she obtained a warrant of attachment, a copy of which was delivered by the Sheriff to defendant's employers, a firm of New York stock brokers. Defendant moves to vacate the warrant and the attempted levy thereunder,

or, in the alternative, to limit the operation of the warrant to earnings unconditionally due him at the time of the attempted levy.

The papers upon which the warrant was issued are sufficient to confer jurisdiction to grant it, and the validity of plaintiff's asserted cause of action of course cannot be determined upon a motion. The motion to vacate the warrant is accordingly denied.

There is no pretense that there has been any levy upon any property other than earnings of defendant; and although the section of the Civil Practice Act authorizing the levy of an attachment upon debts due or to become due to the attachment defendant (Civ. Prac. Act, § 916) does not in terms limit such levy to 10% of the defendant's earnings, the Court of Appeals has now held that the limitation to 10% contained in section 684 of the Civil Practice Act with respect to executions is applicable, also, to levies under attachments (*Morris Plan Ind. Bank* v. *Gunning,* 295 N. Y. 324) and that decision accordingly settles the point that the attachment in this case can reach only 10% of defendant's earnings.

The next question is whether the attachment operates as levy upon only what was due to defendant at the time of the delivery of a copy of the warrant to defendant's employers or whether it operates as a continuing levy upon what becomes due from them to him after such delivery.

It long was settled that an indebtedness was not attachable unless it was absolutely payable at present or in the future and not dependable upon any contingency, or, in other words, that an attachment did not reach a mere contract right to earn money by a future performance of services (*Herrmann & Grace* v. *City of New York,* 130 App. Div. 531, 535, affd. on opinion below 199 N. Y. 600); and that rule was reiterated as late as 1934 in *Sheehy* v. *Madison Sq. Garden Corp.* (266 N. Y. 44).

But the rule also was that an execution did not reach wages which became due after the date it was levied until that rule was changed by the amendment of section 1391 of the Code of Civil Procedure by chapter 461 of the Laws of 1903 — the statutory provision which is now embodied in section 684 of the Civil Practice Act (*Wood* v. *Dock & Mill Co.,* 193 App. Div. 236, 242, 243); and as the Court of Appeals has now held in *Morris Plan Ind. Bank* v. *Gunning* (*supra*) that the attachment and garnishment statutes must be read together, and in that case so far assimilated sections 684 and 916 of the Civil Prac-

tice Act that the 10% limitation in the former is to be read into the latter, it seems to me that the logical inference is that the continuing levy feature of the former is likewise to be read into the latter, and that it hence must be held that an attachment (as well as an execution under Civ. Prac. Act, § 684) now operates as a continuing levy upon 10% of what will become due to defendant from his employers while the warrant is outstanding.

There thus has been a valid levy, and the request to vacate an attempted levy consequently must be denied.

Does the holding that the attachment reaches only 10% of defendant's earnings require a granting of any part of the relief requested upon this motion, or should the motion be denied *in toto?*

The contents of a warrant of attachment are prescribed by statute. The statute provides that the warrant must require the sheriff to attach and safely keep so much of the property or interest therein within his county, subject to attachment, which the defendant has or which he may have at any time before final judgment, as will satisfy the plaintiff's demand, with costs and expenses (Civ. Prac. Act, § 910); and for many generations sheriffs and those to whom they deliver copies of the warrants have been managing to decide, without further elaboration in the warrant, what property is subject to attachment; and I think it would introduce a cumbersome and troublesome practice to undertake to embody in the warrant itself specific directions as to what property is subject to it. I am aware that in *Morris Plan Ind. Bank* v. *Gunning* (*supra*) the Court of Appeals directed an amendment of the warrant so as to direct the marshal to attach no more than 10% of the wages in question, but the court was there reversing lower court decisions, and I do not think that the court's intention was to direct an amendment of the statutory language in all warrants of attachment. This opinion probably is sufficient to guide both the Sheriff and defendant's employers, and I hence think that in view of the opinion a mere denial of the motion in its entirety is proper and sufficient; but if for any reason it is deemed necessary an order embodying my conclusions may be submitted.