### PATEL COTTON CO., Limited, v. THE STEEL TRAVELER et al.

United States District Court
S. D. New York.
Nov. 24, 1952.

Crowell & Rouse, New York City, for respondent Todd Shipyards Corp.

Purdy, Lamb & Catoggio, New York City, for respondents-impleaded Anderson Clayton & Co., Inc. and Gulf Atlantic Warehouse Co., Inc.

IRVING R. KAUFMAN, District Judge.

In my previous opinion in this case, 107 F.Supp. 191, I dismissed a libel in personam and impleading-petition against the Gulf Atlantic Warehouse Company (Inc.) (hereafter "Gulf"), on the ground that jurisdiction had not been obtained over Gulf since it was not "present" within the district. Thereafter the respondent Todd Shipyards Corporation (hereafter "Todd") amended its petition of impleader so that it now alleges that Anderson Clayton & Co., Inc. (hereafter "Anderson Clayton"), one of the respondents-impleaded, has in its possession goods, chattels, credits, etc., belonging to Gulf and subject to foreign attachment. A citation with clause of foreign attachment was issued and was served upon Anderson Clayton as "garnishee". On October 10, 1952, Anderson Clayton made return that it had no goods, property, money debts, or other things of value belonging to Gulf in its possession *at its New York office*. This motion to strike followed.

In support of its return, Anderson Clayton urges that only goods, credits, etc., found within this jurisdiction are subject to attachment and that no debts owed by it to Gulf are included within that category. An interesting question might have present-

ed itself as to whether the instant property sought to be attached in admiralty, would be judged by federal concepts or New York State concepts of attachment of a debt. In the past, New York State and federal law on the subject were not in accord. The New York view was that a debt owed by a foreign corporation, doing business in this state, to another foreign corporation, not doing business here, was not subject to attachment in New York where the debt attached did not arise and was not payable in this state. Heydemann v. Westinghouse Electric Mfg. Co., 2 Cir., 1936, 80 F.2d 837. It has always been the federal view that a debt was subject to attachment at any place where the debtor might be properly served. Harris v. Balk, 1905, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023. Cf. Cohn v. Enterprise Distributing Corporation, 1925, 214 App. Div. 238, 212 N.Y.S. 39 and Restatement of Conflicts of Law, section 108.

By the amendments of 1936 and 1940 to section 916, New York Civil Practice Act, the New York concept was brought into line with the federal law. This was recognized by the New York Court of Appeals in Morris Plan Ind. Bank v. Gunning, 1946, 295 N.Y. 324, 325, 67 N.E.2d 510. The court stated, 295 N.Y. at page 330, 67 N.E. 2d at page 512:

"We hold that these 1936 and 1940 amendments to section 916 were intended to authorize attachment in this State of a debt to a nonresident from a foreign corporation provided the foreign corporation can be personally served in New York."

Further the court stated, 295 N.Y. at page 331, 67 N.E.2d at page 513:

"We cannot vacate it [attachment] on the theory that there is no situs of any debt in New York."

See also Godbout v. Irwin, 1947, 272 App. Div. 1020, 73 N.Y.S.2d 565.

I hold, therefore, whichever law is applicable, federal or state, debts, if any, owed by Anderson Clayton, upon whom service can be had in New York State, are subject to attachment here. The return will, therefore, be stricken.

Settle order on notice.