Andrew **KONSTANTINIDIS**, Libelant,

v.

**THE S. S. TARSUS**, her engines, boilers, etc. and against **Denizcilik Bankasi T.A.O.**, in a cause of contract civil and maritime, Respondents.

No. 61 Ad. 439.

United States District Court
E. D. New York.

July 25, 1961.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for libelant. Vincent J. Ryan, New York City, of counsel.

Lester M. Levin, New York City, for respondent.

BRUCHHAUSEN, Chief Judge.

This is an action against the vessel S. S. Tarsus and in personam against the respondent Denizcilik Bankasi T.A.O.

On June 15, 1961, the libelant filed a libel, alleging that on September 1, 1959, a charter party was entered into between him and the respondent and thereafter breached by the latter. The libelant prays that if the respondent cannot be found within this district, its goods, chattels and credits in the possession of The Chase Manhattan Bank of New York with an office at 185 Montague Street, Brooklyn, New York, be attached by process of foreign attachment. A process in personam, with clause of foreign attachment, was issued to the United States Marshal for this district on June 16, 1961, to attach respondent's credits in possession of the above named bank. The Marshal of this Court executed said process by service of a copy thereof on an officer of Chase at its said Brooklyn Office in this district.

Robert J. Bolson, an Assistant Treasurer of Chase states by affidavit that at the time of the service of said process, the branch office in Brooklyn held no property of the respondent. He further states that the main office of Chase at No. 1 Chase Manhattan Plaza, New York City, New York, has certain funds due the respondent. The respondent moves for an order vacating the attachment so served.

In Patel Cotton Co. v. The Steel Traveler, D.C., 108 F.Supp. 595, 596, the Court wrote:

"I hold, therefore, whichever law is applicable, federal or state, debts, if any, owed by Anderson Clayton, upon whom service can be had in New York State, are subject to attachment here."

The cases cited therein, Harris v. Balk, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 and Morris Plan Industrial Bank of New York v. Gunning, 295 N.Y. 324, 67 N.E. 2d 510, support that ruling. In Harris v. Balk, the Court at page 222 of 198 U.S., at page 626 of 25 S.Ct., wrote:

"If there be a law of the state providing for the attachment of the debt, then, if the garnishee be found in that state, and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff, and condemn it, provided the garnishee could himself be sued by his creditor in that state."

Rule 64 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that "all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held."

The case of Ships & Freights Inc. v. Farr, Whitlock & Co., D. C., 188 F.Supp. 438, relied upon by the respondent is distinguishable. It appears therein that the writ was not served within the district where the action was pending.

In some cases of which the case of Clinton Trust Co. v. Compania Azucarera, etc., 172 Misc. 148, 14 N.Y.S.2d 743, is illustrative of a branch bank operating in a foreign country has been held to be separate and distinct from the domestic branch. It appeared therein that the Royal Bank of Canada had its principal office in Montreal and a single office or agency in New York and that it kept no records of deposits elsewhere, also that a Canadian statute provided that an attachment order shall only bind moneys to the credit of the debtor at the branch or agency where such order is served. This situation is not comparable to the case at bar in either law or fact.

The motion is in all respects denied. Submit order.