Fuld, J.
The plaintiff is a New York wife and mother whose husband left the State and failed to make payments for her support and that of her children. The defendant American Mutual Liability Insurance Company is a Massachusetts corporation, with a number of offices in this State, which had employed the husband as a salesman in Massachusetts. The plaintiff *269 brought this action to recover on an assignment of wages made by the husband in order to secure his obligation to support his family, and the issue is whether a Massachusetts statute bars the wife from recovering against the employer on that assignment. The court at Special Term held that it does not and granted summary judgment in favor of the plaintiff for a sum in excess of $4,700, representing the amount which the defendant employer should have withheld and paid over to the plaintiff under such assignment, and the Appellate Division, by a closely divided vote, affirmed.
Roberta Downs and Carll Downs, named as a defendant but never served, were married in 1946. Seven years later, and four years after the birth of twin children, the plaintiff obtained a judgment of separation from her husband in New York on the grounds of nonsupport and cruelty. The judgment incorporated a separation agreement, executed in this State while the action was pending, which required the husband to pay specified sums, in no event less than $5,000 a year, for the support of his wife and children. In order to secure these payments, the husband assigned to the wife, “ in the event of [his] default ” in the payments due from him, 50% of his future “ salary, wages and earnings in addition, the agreement set forth the precise form of notice to be given to the employer, authorized the latter to make such payments to the wife and empowered her to receipt for them.[1]
The husband appears to have met his obligations until some time in 1959, when he apparently left New York. In 1960, the plaintiff located him in New Hampshire and, proceeding under the Uniform Reciprocal Enforcement of Support Act (New York Uniform Support of Dependents Law [Domestic Rela *270 tians Law, § 30 et seq.]), obtained a New Hampshire court order directing him to pay her $25 a week. Up to the time the present action was begun, he paid $2,100 under that order, although during that period he should have paid $12,028 under the New York separation agreement and judgment.
Be that as it may, the plaintiff learned in 1961 that her husband was employed by the defendant at a wage of about $250 a week in its Wakefield, Massachusetts, office. She thereupon notified the employer of the assignment, sending it the notice specified in the separation agreement, together with a copy of that agreement, and demanded that the employer pay her a portion ($107.75) of her husband’s weekly earnings. The defendant was also advised that a New York judgment of separation, embodying the terms of the agreement, had been rendered against its employee. The employer rejected the plaintiff’s demand upon the ground that an assignment of future wages is not valid or enforcible under a Massachusetts statute (Mass. Ben. Laws, ch. 154, % 1 et seq.).
As already noted, the Appellate Division affirmed Special Term’s grant of summary judgment to the plaintiff. It held the assignment enforcible on two grounds: (1) the Massachusetts statute prohibited only commercial assignments and not those made to a wife and (2), in the light of applicable principles of the law of conflict of laws, the law of New York should be applied.
It is enough to note that, although section 1 of the Massachusetts statute broadly defines an assignment to include any transfer of future wages, its later sections definitely limit their applieatoin to small loans (§ 2), to debts and to goods sold and delivered (§ 3) and that the form of assignment prescribed is wholly inapplicable to such an assignment as would assure or provide support for the employee’s family (§ 5). Indeed, the provision of the statute (§ 3) requiring the employee’s wife to give her consent in writing to the assignment is an additional indication that the Massachusetts legislation is directed at commercial assignments and that the State’s primary concern is the protection of the wage earner’s wife and family. (See, e.g., Mutual Loan Co. v. Martell, 200 *271 Mass. 482, 486, affd. 222 U. S. 225.) We conclude, therefore, that the statute is designed to protect the improvident wage earner (from commercial assignments) for the benefit of his family rather than to provide a barrier to the enforcement of his family obligations.
What has been written is sufficient to dispose of the case. However, if we were to go further and assume, as the Appellate Division did, that an assignment such as the one before us comes within the purpose and application of the Massachusetts statute, we would reach the same conclusion on the second of the two grounds given by that court (supra, p. 270). Since New York undoubtedly has the most significant relationship and contacts with the assignment and a predominant interest and concern in assuring support to a New York wife and New York children, its law is applicable. (Cf. Auten v. Auten, 308 N. Y. 155; Morris Plan Ind. Bank of N. Y. v. Gunning, 295 N. Y. 324, 329-330.) The assignment of wages was made in New York by a New York husband and, quite obviously, without regard as to where he would be employed, for the protection of his family. The marital domicile of the parties was New York, the separation agreement recited that the law applicable Avas that of New York and the agreement and the obligations of the parties are embodied in a New York judgment. As Justice Breitel points out in the course of his able opinion, at the time the agreement was executed, and for many years thereafter, “ there was nothing referable to the territory or law of Massachusetts. Moreover, any event Avith relation to Massachusetts was not within the contemplation or reasonable expectations of the parties, and even up to this point, and still today, the paramount interest of New York in the support of the New York wife and the New York children is manifest.” • The order appealed from should be affirmed, Avith costs.

. Insofar as pertinent, the applicable provision read as follows:
“ In order further to facilitate the alimony payments herein provided, the Husband hereby authorizes and directs * * * [his employer] to pay to the Wife, or her agent, in the event of default in the payment in full of all sums required to be paid to the Wife under this agreement * * * Fifty (50) percent of all income, salary, wages and earnings * * * due or to become due to the Husband from [such employer] * * * which sum so received shall be treated pro tanto [as] payment of alimony for the support and maintenance of the Wife and the Twins.”