Daniel G. Albert, J.
This is a motion by the defendant to vacate an order of sequestration under which the plaintiff seeks to reach the interest of the defendant in a pension fund and a stock bonus plan established by his employer, the Gulf Oil Corporation, and administered by the Mellon National Bank and Trust Company, as trustee.
The defendant is a resident of Pennsylvania, and is employed by the Gulf Oil Corporation at its.principal office in Pittsburgh. Although the defendant’s employer and the trustee of the funds are foreign corporations having their principal offices in Pittsburgh, they both maintain offices in New York. All records relating to the pension fund and stock plan, however, are kept by the defendant’s employer in Pittsburgh, and the funds are administered and kept on deposit by the trustee at its main office in the same city.
The argument advanced on the basis of these facts is that the funds have no situs in New York, and may not he sequestered under section 233 of the Domestic Relations Law. The latter is a re-enactment of former section 1171-a of the Civil Practice Act without change except for an abbreviation of language in the “ catchline ”. The situation prevailing in this case is not unlike that in Albert v. Albert (199 N. Y. S. 2d 766) wherein the court found the plaintiff’s right to sequester a pension fund could not be defeated because the trustee and the defendant were both nonresidents of the State. While the opinion in the Albert case contains no reference to the residency of the defend-. ant’s employer, its rationale is equally applicable here as evident from the statement of Mr. Justice Johnsob- that inasmuch “as a cause of action arising under or on account of a contract which may be prosecuted by the defendant in this State is attachable (Morris Plan Ind. Bank of N. Y. v. Gunning, 295 N. Y. 324 * * *; Godbout v. Irwin, 272 App. Div. 1020, # * * ), and as sequestration proceedings are similar to attachment (Matthews v. Matthews, 240 N. Y. 28 * * * ), it follows that the situs of a cause of action by the defendant against the Prudential [trustee] may be deemed within the State of New York for purposes of sequestration ”, (Albert v. Albert, supra, p. 768; see, also, Neidorf v. Neidorf, 43 Misc 2d 710, 713.) The added circumstance that the defendant’s interest in the pension fund will not be payable until sometime in the future does not militate against the sequestration of his property interest therein (Fox v. Fox, 276 App. Div; 859 mod. on other *525 grounds, 276 App. Div. 917), and that reason cannot be advanced to prevent sequestration of the defendant’s interest in the stock bonus plan which is presently payable.
The court also notes that the order of Mr. Justice Velsor, dated July 30,1964, which vacated a prior order of sequestration is not controlling. That order was made on the basis that the pleadings as they then stood did not disclose that a personal judgment could be entered. The complaint has since been amended, and an order directing the payment of temporary alimony has been granted. The motion is denied.