Nathaniel T. Helman, J.
This is a motion to vacate and set aside an order of attachment and the levy of the Sheriff of the City of New York thereunder.
Plaintiff commenced an action against defendant Loeb, Rhoades & Co. for breach of an alleged agreement made by Loeb, Rhoades & Co. to advise plaintiff’s assignor when the equity in a securities account held by Loeb, Rhoades for the third-party defendant, George Edwin Dolan, would fall below $30,000. Thereafter Loeb, Rhoades impleaded Dolan to recover against Dolan any amount for which judgment may be recovered by plaintiff against Loeb, Rhoades. It appears that in the year of *161 1959, Dolan guaranteed a loan of $30,000 by plaintiff’s assignor to a Florida Corporation in which Dolan was interested. As part of such guarantee, Dolan agreed to maintain an equity of not less than $30,000 in an account carried with Loeb, Rhoades & Co., and further agreed that Rhoades would notify plaintiff’s assignor if the equity in his account became depleted. Liability of Dolan is asserted by reason of the execution by Loeb, Rhoades of Dolan’s instructions to pay to him all credit balances and property in Dolan’s account and by reason of a full indemnification agreement between Dolan and Loeb, Rhoades.
Because Dolan is alleged to be a resident of Florida, Loeb, Rhoades obtained an order attaching Dolan’s interest in a certain testamentary trust created under the will of a resident of New York County, where the will was probated, where the trust property was located, and in which county letters testamentary and of trusteeship were issued. The trustee of the trust, Adele T. Dolan (hereinafter Trustee) is the mother of Dolan.
Under the terms of the trust, Dolan is entitled to receive the entire income thereof until he attains the age of 35, and at which time he will then receive the entire remaining corpus and undistributed income. If he sooner dies, his three infant children will receive the entire remainder.
The Sheriff of New York County made a levy by serving the trustee by registered mail, return receipt requested, at her home in Florida, where she resides. The Sheriff also served a copy of the order of attachment upon the Manufacturers Hanover Trust Company, the depository of the trust funds in New York County. In addition, the Sheriff of Sarasota, Florida, personally served the trustee in that State. Thereafter, Loeb, Rhoades obtained an order to serve Dolan by publication and has completed service in that manner.
The essence of the entire litigation is an indebtedness from Dolan to plaintiff. The cross claim herein is properly asserted under CPLR 3019 (subd. [b]) which states: “ A cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.” Under CPLR 6001, the right of attachment is extended to the defendant who is also third-party plaintiff and cross claimant (Loeb, Rhoades). The provisional remedy of attachment may be employed against a nonresident defendant in the same action. Even though the third-party claim is contingent on plaintiff’s action, Loeb, Rhoades may hold its attachment, when it “ would be entitled” to a money judgment (CPLR 6201) if it loses to *162 plaintiff. This would be consistent with CPLR 6001, which grants the cross claimant the same provisional remedies to which he would be entitled, were he the plaintiff.
Additionally, the second cause of action alleges an agreement on the part of Dolan to pay Loeb, Rhoades’ expenses, including legal fees resulting from any litigation in which they became involved by reason of Dolan’s account. Such legal expense comes into existence on the institution of plaintiff’s action which arises from Dolan’s account and his activities, and is based on the contract between the parties. Therefore, the attachment is founded properly if either of the causes of action contained in the cross complaint is good.
The contention that the levy is ineffective and void because not properly served, cannot be sustained. The trustee was served with the order of attachment in accordance with the applicable provisions of CPLR and in a manner sufficient to make a proper levy.
Where trust property is situated within this State, it may be reached by our courts in order to protect a resident creditor, irrespective of where the trustee or garnishee may actually reside (Erdheim v. Mabee, 305 N. Y. 307).
The attachment is effective not only to the limit of 10% of the accumulated income of the trust, but, also, to the extent of 10% of the income to accrue in the future, together with Dolan’s remainder interest in the trust (Kode v. Burdsal, 199 Misc. 880). In Morris Plan Ind. Bank of N. Y. v. Gunning (295 N. Y. 324, 331), the court said: “to carry out the total statutory policy, the attachment and garnishment statutes must be read together.” It is the clear meaning of these provisions that satisfaction of a judgment in rem is effective as to any income accruing in futuro.
Accordingly, the motion is denied and the attachment is valid only to the extent of the property attachable as indicated herein.