Abnold L. Feist, J.
Motion by the garnishee, Trust Company of Georgia, to vacate an order of disclosure, containing a restraining order pursuant to CPLB 6220, is denied.
Although neither the garnishee nor defendant corporation is authorized to do business in New York, both appear to have New York offices. The garnishee is a Georgia bank which factors defendant’s accounts receivable. The garnishee’s factoring department maintains a New York office, operated by a “ representative ”, who asserts that the garnishee “ does not conduct a banking business in this State.”
Plaintiff has a cause of action for the balance due for goods sold and delivered, in excess of $100,000. After obtaining an order of attachment of this court, for any assets held by the garnishee belonging to defendant under the factoring agreement, it obtained the disclosure order under attack, pursuant to that attachment (CPLB 6220). The garnishee relies upon the cases which preclude attachment of property held in a foreign bank by serving a New York branch (Newtown Jackson Co. v. Animashaun, 148 N. Y. S. 2d 66; McCloskey v. Chase Manhattan Bank, 11 N Y 2d 936).
The rationale of these and similar cases so holding is that each branch of a bank is a separate entity with respect to accounts maintained and funds on deposit. Service on one branch should not be permitted to accomplish a restraint on accounts and funds in other branches because of the substantial interference with routine banking business. (Cronan v. Schilling, 100 N. Y. S. 2d 474, affd. 282 App. Div. 940, cited by both sides.) However, this case involves a commercial agreement under which the garnishee bank factors accounts receivable, not a routine banking tansaction. The garnishee bank appears to be conducting factoring transactions, a nonbanking business, out of its New York office.
In Cronan v. Schilling (100 N. Y. S. 2d, supra, at pp. 477-478) the court said:
*609 “ It appears from the minutes of an examination in aid of the attachment that it is possible that some property physically held here by the New York Agency may belong to Schilling. Although the subpoena should be vacated to the extent that it seeks to compel the production of records pertaining to indebtedness due to Schilling from a Swiss Branch, or to property held for Schilling by a Swiss branch, in the court’s opinion the subpoena should be permitted to stand to the extent that it requires the production of records relating to assets of Schilling held in this state by the New York Agency.”
“ The fact that the only records pertaining to such assets may be in Switzerland would seem to be immaterial. Although the New York branch may be a separate entity as respects a debt due to Schilling from a Swiss branch, or property held for him by a Swiss branch, there appears to be no good reason for extending this doctrine to permit property actually belonging to Schilling, which is located in this jurisdiction, to escape attachment. After all, it is the Swiss Bank Corporation which is doing business in this state. The New York Agency is not a separate legal entity generally, but only for certain limited purposes. If the local agency of a foreign industrial corporation, doing business in this state, were subpoenaed to produce here records of its home office, it could be required to do so. The local agency of a foreign banking corporation should be treated no differently as regards the obligation of producing records from abroad relating to property held here which those records might show to be attachable.” (Emphasis in original.)
The court then modified the disclosure subpoena by limiting it to records of the Swiss Bank relating to property of the defendant in that case held by the bank in this State and any indebtedness due the defendant from the New York Agency of the bank.
However, that limitation need not be here imposed. CPLR 6202 permits attachment of any debt or property against which a money judgment may be enforced pursuant to CPLR 5201. CPLR 5201 (subd. [a]) subjects to enforcement any debt “ whether it was incurred within or without the state, to or from a resident or non-resident ”.
If the factor has property of the attachment debtor, such as a contract obligation, it is subject to attachment if jurisdiction is obtained over the factor by service in this State. (Morris Plan Ind. Bank v. Gunning, 295 N. Y. 324.) The attempt to distinguish that case because the garnishee was a railroad is unavailing. That distinction would be valid were we dealing *610 with a branch bank and a routine banking relationship and not a factor. It is irrelevant that this factor is an agency of a nonresident bank which may also engage in routine banking business with the attachment debtor in another jurisdiction.