■ GILDA EDELMAN, Respondent, v MILTON M. EDELMAN, Appellant. — In a proceeding to enforce a money judgment, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Sacks, J.), dated June 9, 1980, as (1) placed defendant's professional corporation into receivership, (2) directed that defendant deposit into the corporate account all money received by defendant and the corporation and remit a check for that amount to the receiver, and (3) directed that after paying the monthly expenses, the receiver remit the balance to plaintiff to be applied toward the satisfaction of her judgment. Order modified, by deleting therefrom the fifth decretal paragraph. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to Special Term for further proceedings consistent herewith. In the interim, defendant shall turn over 10% of the money received by him and his corporation to the receiver to be applied toward the satisfaction of plaintiff's judgment. Concluding that defendant had evinced a pattern of conduct by which he had avoided his obligations pursuant to the terms of the separation agreement between the parties, Special Term appointed a receiver to take charge of the income from defendant's psychiatric practice and apply it toward the satisfaction of the money judgment owed to plaintiff. In our opinion, receivership was proper. Although early authority indicated that a receiver may not be appointed to sequester the wages of the judgment debtor (see *Rolt-Wheeler v Rolt-Wheeler,* 175 App Div 852), this line of authority was implicitly rejected in *Morris Plan Ind. Bank of N.Y. v Gunning* (295 NY 324, 330-331), which held that subject to the limitations on the garnishment of wages (CPLR 5205, subd [d], par 2) a debtor's wages may be attached. Subject to the same limitations, there is no reason why the remedy of receivership may not be granted as well. Moreover, as in the case at bar, where there could be no proper garnishee of defendant's wages from his private practice (cf. CPLR 5201, subd [c], par 3) and where the husband has continuously avoided his obligations, receivership was particularly necessary. However, Special Term erred by ordering that the entire amount of his gross income, after expenses, be paid to plaintiff. A hearing must be held to determine what portion, if any, of the income is necessary for the reasonable requirements of the defendant and his family. In the interim the defendant will be required to turn over 10% of the money received by him and his corporation to the receiver to be applied toward the satisfaction of the plaintiff's judgment. Hopkins, J.P., Rabin, Margett and Bracken, JJ., concur.