EUBERWEG *v.* LA COMPAGNIE GENERALE TRANSATLANTIQUE.[1]

*(District Court, E. D. New York. May 23, 1888.)*

1. ADMIRALTY—JURISDICTION—PIER IN NEW YORK CITY—EASTERN DISTRICT OF NEW YORK.
    A pier extending into the North river from the city of New York is not within the jurisdiction of the district court of the United States for the Eastern district of New York.

2. SAME—SERVICE OF PROCESS—FOREIGN ATTACHMENT—MARSHAL'S RETURN.
    On filing the libel in this cause, process was issued, with a clause of foreign attachment. The marshal returned that respondent could not be found within the jurisdiction, and that he had therefore attached one of its steamers. Respondent's general agent thereupon appeared, and, having given bonds, moved to set aside the attachment, stating in his affidavit that he could have been found at his office on pier 42, North river, west of the bulkhead, and therefore asked that the marshal's return, together with the attachment and the bonds given under it, be set aside. The affidavit contained no statement that the marshal had made no proper search for respondent before attaching the steamer. *Held*, that service of process on such pier would not have been within the jurisdiction of this court; hence the marshal's return was not falsified, and the attachment, and bond given under it, were valid.

In Admiralty. Motion to set aside marshal's return, attachment of vessel, and stipulation given on such attachment.

*Biddle & Ward*, for libelant.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

*Coudert Bros.* for respondent.

BENEDICT, J.   This case comes before the court upon a motion on the part of the respondents to set aside the return of the marshal to the process, also the attachment made by the marshal by virtue of the process, and also the bond given by the respondents to procure the discharge of the property attached.   The action is against a foreign corporation *in personam.*   Upon filing the libel, **and in** accordance with the rules and practice, a process was issued, with a clause of foreign attachment.   Upon this process the marshal was directed to cite and admonish the respondents, if they shall be found within the jurisdiction of the court, that they be and appear before the court at a day named.   The process contained the further command, "If the said defendants cannot be found, that you attach their goods and chattels to the amount sued for."   To this process the marshal made the following return: "After diligent search I was unable to find the defendants within the jurisdiction of this court, and in obedience to this monition I attached the steam-ship La Bourgogne."   The respondents thereupon appeared in the action, and obtained the release of the vessel from custody by giving a bond to abide the decree, in accordance with the practice of the court, and thereupon make this motion.   The application is founded upon an affidavit of the general agent of the respondents, in which the agent, among other things, after setting forth the process, attachment, and return, says that the defendant is a foreign corporation existing under the laws of France, owning and operating a line of steamers plying between New York and Havre, and having regularly established offices at the port of New York for the transaction of its business there; that the deponent has long been the general agent of the line for the United States, and by permission of the laws of New York has carried on the business of the respondents at the port of New York, with full power to accept service of process and defend all actions brought against the respondent; that at the time of the filing of the libel herein, as well as at the time of the attachment, the said general agent had maintained two offices for the transaction of the business of the respondent,—one at No. 3 Bowling Green, in the city of New York; the other on pier 42, North river, west of the bulkhead, and over the waters within the county of New York; at each of which said offices the general agent could be found, and process served upon him there.   A careful examination of the affidavit shows that it contains no statement that the marshal made no proper search to find the defendant before attaching the steamer.   Assuming, for the purposes of this application, that the service of the citation upon the general agent would be an effectual service of the process upon the respondent corporation, and the point being waived that the motion is too late, the only question presented by the application is whether the fact that the respondents have a general agent who maintains an office in their behalf on pier 42 in the North river, west of the bulkhead, compels the inference that the general agent could have been there found by the marshal, and thus shows that the citation could have been served within the jurisdiction of the court.

To arrive at such a conclusion requires a decision that pier 42 in the North river is within the jurisdiction of this court. So, upon the argument of the motion, the ground taken on behalf of the respondents was that, inasmuch as pier 42 in the North river is west of the bulkhead, and built over waters within the county of New York, service of process upon the respondents there would have been service within the jurisdiction of this court. The jurisdiction of this court, as defined by statute, is to be found in section 542, Rev. St., and is as follows:

"The district courts of the Southern and Eastern districts of New York shall have concurrent jurisdiction over the waters within the counties of New York, Kings, Queens, and Suffolk, and over all seizures made and all matters done in such waters; and all processes or orders issued out of either of said courts, or by any judge thereof, shall run and be executed in any part of the said waters."

It has never until now been contended that by virtue of this statute a process issued from the Eastern district of New York could be served upon one of the piers of New York city. Such contention cannot be upheld. The piers of New York city, although they extend over the waters of the county of New York, are not part of the waters of that county, but part of the land, and they are not within the jurisdiction of this court. This decision leaves nothing of the present application; for, assuming that it would be competent for the respondents, on a motion like this, to show the falsity of the marshal's return, (a proposition by no means assented to,) such falsity is not shown. For aught that appears, the marshal's return is strictly true; and, being true, the validity of the attachment, and of the bond given to discharge the property, is not open to question.