## WALSH TRANSP. CO. v. IROQUOIS TRANSIT CORPORATION.

(District Court, S. D. New York. September 30, 1926.)

**1. Admiralty ⇐=18—Admiralty court has jurisdiction where wrongful attachment consummated on navigable waters.**

Where consummation of wrongful attachment of cargo of vessels was on navigable waters, where process was served, admiralty court has jurisdiction.

**2. Admiralty ⇐=48—Allegations of libel for abuse of legal process must show malice or gross negligence.**

In order to sustain libel for abuse of legal process, allegations must show malice or negligence so gross as to amount to same thing.

**3. Admiralty ⇐=60—Allegations of libel for abuse of process, only denying original allegations, held insufficient.**

Allegations of libel for abuse of legal process, only denying allegations of original libel, under which process was issued, held insufficient.

**4. Admiralty ⇐=48—Libel for abuse of process, alleging attachment of too much grain, held insufficient.**

Allegation in libel for abuse of legal process by causing process and attachment against certain wheat, which was being transported by libelant, only charging attachment of too much grain, held insufficient.

**5. Admiralty ⇐=60—Allegation that respondent should have known it had no cause of action against present libelant held insufficient in libel for abuse of process.**

Allegations in libel for abuse of legal process, by attaching grain transported by libelant, that respondent, in filing original libel, should have known it had no just cause of action against present libelant, held insufficient.

In Admiralty. Libel by the Walsh Transportation Company against the Iroquois Transit Corporation. On exceptions to libel. Exceptions sustained.

Forrest E. Single, of New York City (H. T. Atkins, of New York City, of counsel), for libelant.

William F. Purdy, of New York City, for respondent.

THACHER, District Judge. The libelant, as owner or charterer of certain barges, has filed its libel against the respondent in a cause of abuse of legal process, alleging in substance that the respondent, as libelant in a suit in admiralty against the Canadian Cooperative Wheat Producers, Limited, caused process of attachment to be issued against certain wheat belonging to the Canadian Cooperative Wheat Producers, Limited, which was in course of transportation on the barges owned by the libelant here. By reason of the issue of this process it is claimed that the libelant's barges were detained in the custody of this court for a period of five days, and damages are sought for this detention.

[1-5] The court's jurisdiction is questioned, but the consummation of the wrong, if wrong was done, was upon navigable waters, where the process was served, and there can be no

doubt of the court's jurisdiction. It is entirely clear that allegations showing malice, or negligence so gross as to amount to the same thing, are necessary to sustain the libel. Artinano v. W. R. Grace & Co. (D. C.) 286 F. 702, and cases there cited. The first cause of action is plainly lacking in this respect. Its allegations amount to nothing more than a denial of the allegations in the original libel under which the process was issued. There is not even a suggestion that these allegations were known to be false when made. The second cause of action assumes that the process was lawfully issued; the only complaint being that too much grain was attached. The allegations are not, in my judgment, sufficient to support a charge of malice or gross negligence. The third cause of action is also insufficient. The only basis of malice is the allegation that, when the respondent filed its original libel on which process was issued, it knew or should have known that it had no just cause of action "against this libelant." The libel did not attempt to assert any cause of action against the Walsh Transportation Company, to which reference is thus made.

The facts alleged in the libel not being sufficient to constitute any cause of action, the exceptions are sustained.