**SHIPS & FREIGHTS INC., Libelant,**

v.

**FARR, WHITLOCK & CO., Respondent.**

**60 Ad. 930.**

United States District Court
E. D. New York.

Oct. 25, 1960.

Hill, Betts, Yamaoka, Freehill & Longcope, Washington, D. C., for libelant, Eli Ellis, Melvin J. Koch, New York City, of counsel.

Choate, Mitchell, Baker & Nelson, New York City, for respondent. Harold d'O. Baker and Robert M. Atkinson, New York City, of counsel.

BARTELS, District Judge.

This is an action to compel performance of an arbitration agreement between libelant and respondent to arbitrate certain disputes arising out of the charter of libelant's vessel, under which

libelant seeks to recover $53,600 in damages.

On October 7, 1960, libelant filed a libel in this Court in which it specified that respondent did not have an office within its jurisdiction but did have property therein subject to attachment, to wit: certain monies on deposit with The Chase Manhattan Bank, 18 Pine Street, New York, N. Y., and/or Bankers Trust Company, 16 Wall Street, New York, N. Y. Accordingly, libelant secured a citation with a clause of foreign attachment pursuant to which said banks were served and $53,600 was attached in each bank. Subsequently one of the attachments was released.

Respondent now moves to vacate the remaining attachment and seeks assessment of damages on the ground that the property attached was without the jurisdiction of this Court and within the jurisdiction of the Southern District where respondent could have been served and that the attachment was a prostitution of the very theory upon which it is granted.

■ The jurisdiction of the Eastern District of New York is defined in 28 U.S.C.A. § 112(c) to include not only the counties of Kings, Nassau, Queens, Richmond, and Suffolk, but also "concurrently with the Southern District, the waters within the counties of Bronx and New York." Under this statute it is possible in an action in personam for a libelant to file a libel in this district against a vessel owner who can be found in the Southern District and upon the failure of the libelant to find such owner within this district, to obtain an attachment of a vessel berthed within the Southern District. See Manro v. Almeida, 1825, 10 Wheat. 473, 492, 6 L.Ed. 369. Such concurrent jurisdiction permits a libelant to secure an attachment which would ordinarily not otherwise be permissible. Merritt, Chapman & Scott v. Marine Transit Corporation, D.C.N.Y., 1930 A.M.C. 1294;

Euberweg v. La Compagnie Generale Transatlantique, D.C.N.Y.1888, 35 F. 428. To the extent that this is an abuse of process in an action in personam is a subject for appropriate court rules by both districts. It is elementary, however, as stated in the landmark case of Manro v. Almeida, supra, 10 Wheat. at page 492, that "It is required that the goods and effects to be attached should be within the jurisdiction of the admiralty. * * " For the same reason the res cannot be attached in an action in rem unless the res is in the district. See Rule 22, Admiralty Rules. Banks located in Manhattan are obviously neither within the Eastern District nor within "the waters within the counties of Bronx and New York". The libel in this proceeding directed service of process in Manhattan and the writ was thus served. Manhattan is clearly beyond the territorial limits of this district. Consequently, the situs of the credits, goods and effects here sought to be attached were not within the Court's jurisdiction.

■ Libelant argues that this is an error of form and not of substance, since a valid writ could have been served upon branch officers of the banks in question within this district. What libelant might or could have done is irrelevant. Jurisdiction is more than a question of form and process of this Court served outside of the jurisdiction is a nullity. See Atkins v. Fiber Disintegrating Co., 1873, 18 Wall. 272, 85 U.S. 272, 299, 21 L.Ed. 841.

Respondent seeks to hold the libelant liable for damages, expenses and attorneys' fees arising out of the attachment, citing Appelwhaite v. S.S. Sunprincess, D.C.N.J.1956, 136 F.Supp. 769. There has been no showing of bad faith on the part of the libelant and consequently damages will be denied, although it seems only equitable that costs should be assessed.

Settle order within ten (10) days on two (2) days' notice.