**FURNESS WITHY (CHARTERING), INC., PANAMA, Plaintiff–Appellee,**

v.

**WORLD ENERGY SYSTEMS ASSOCIATES, INC., Wesa, Inc., Defendants,**

**Hemmert Shipping Corporation and Texas Chartering, Inc. Defendants–Appellants.**

No. 87–7282.

United States Court of Appeals, Eleventh Circuit.

Sept. 2, 1988.

Alex F. Lankford, III, Blane H. Crutchfield, Hand, Arendall; Bedsole, Greaves & Johnston, Mobile, Ala., for defendants-appellants.

Robert B. Fougner, Hill, Betts & Nash, New York City, for plaintiff-appellee.

Before TJOFLAT and HATCHETT, Circuit Judges, and LYNNE *, Senior District Judge.

TJOFLAT, Circuit Judge:

In *Furness Withy (Chartering), Inc. v. World Energy Systems Associates, Inc.*, 772 F.2d 802 (11th Cir.1985) (*Furness Withy I*), we remanded this case to the district court for the disposition of the claim of Hemmert Shipping Corporation/Texas Chartering, Inc. (Hemmert) that Furness Withy converted Hemmert's property when it wrongfully attached such property pursuant to Admiralty Rule B(1).[1] The district court had already held against Hemmert on Hemmert's claim for wrongful attachment, concluding that Furness Withy had acted in good faith in seeking the attachment.[2] We affirmed this holding in *Furness Withy I*, 772 F.2d at 808. On remand, the district court held that because Hemmert's claim for conversion is identical to its claim for wrongful attachment—which had failed—Hemmert could not recover for conversion. Hemmert now appeals that ruling.[3]

At the outset, we observe that the damages Hemmert sought to recover under its alternative claims for wrongful attachment and conversion are the same. Hemmert wants to be compensated for the loss of use of its property for the period during which it was under attachment.

It is an established principle of maritime law that one who suffers a wrongful attachment may recover damages from the party who obtained the attachment, provided he prove that such party acted in bad faith. *See, e.g., Consolidated Rail Corp. v. M/T Hoegh Forum*, 630 F.Supp. 83, 88 (E.D.Pa.1985) (in personam attachment); *Ships & Freights, Inc. v. Farr, Whitlock & Co.*, 188 F.Supp. 438, 439 (E.D.N.Y.1960) (same); *Applewhaite v. S.S. Sunprincess*, 136 F.Supp. 769, 771 (D.N.J.1956) (same); *Walsh Transp. Co. v. Iroquois Transit Corp.*, 16 F.2d 475, 476 (S.D.N.Y.1926) (same); *see also Frontera Fruit Co. v. Dowling*, 91 F.2d 293, 297 (5th Cir.1937) (in rem attachment);[4] *Incas & Monterey Printing & Packaging, Ltd. v. M/V Sang Jin*, 747 F.2d 958, 964 (5th Cir.1984) (same), *cert. denied*, 471 U.S. 1117, 105 S.Ct. 2361, 86 L.Ed.2d 261 (1985); *Ocean Ship Supply, Ltd. v. M/V Leah*, 729 F.2d 971, 974 (4th Cir.1984) (same); *John W. Stone Oil Distrib., Inc. v. M/V Miss Bern*, 663 F.Supp. 773, 778 (S.D.Ala.1987) (same). We recognized this principle in *Furness Withy I*, 772 F.2d at 808, when we held that Hemmert could not recover for wrong-

* Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Rule B(1) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty & Maritime Claims (Admiralty Rule B(1)), pursuant to which Furness Withy attached Hemmert's property, provided:

With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's goods and chattels, or credits and effects in the hands of garnishees named in the complaint to the amount sued for, if the defendant shall not be found within the district. Such complaint shall be accompanied by an affidavit signed by the plaintiff or his attorney that, to the affiant's knowledge, or to the best of his information and belief, the defendant cannot be found within the district. When a verified complaint is supported by such an affidavit the clerk shall forthwith issue a summons and process of attachment and garnishment. In addition, or in the alternative, the plaintiff may, pursuant to [Fed.R. Civ.P.] 4(e), invoke the remedies provided by

state law for attachment and garnishment or similar seizure of the defendant's property. Except for [Admiralty] Rule E(8) these Supplemental Rules do not apply to state remedies so invoked.

2. As *Furness Withy I* indicates, two attachments were involved. We treat them as one attachment in this opinion.

3. Hemmert also appeals from dispositions the district court made with respect to other claims made by Hemmert against Furness Withy. The district court made these dispositions prior to the appeal in *Furness Withy I*, and we did not remand them, along with the conversion claim, for further consideration. Because they were not included in the mandate in *Furness Withy I*, the district court properly refused to reconsider them.

4. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**412**

ful attachment because it failed to show that Furness Withy had acted in bad faith.[5]

Hemmert points out that the cases involving wrongful attachment have not explicitly addressed the question whether the common law tort of conversion, which does not contain the element of bad faith, provides a remedy in the context presented here. Hemmert invites us to draw on the common law of conversion to award the damages it seeks. We decline the invitation. In our view, maritime precedent has answered, albeit implicitly, the question of what a claimant must prove to recover for a conversion caused by an improper attachment. The claimant must prove bad faith by the party who obtained the attachment.[6]

AFFIRMED.

---

5. Admiralty Rule B(1), *see supra* note 1, does not alter this principle. The Admiralty Rules and their predecessors—the 1844 Rules for Practice for Admiralty & Maritime Cases, and the Admiralty Rules of 1920—are a codification of existing maritime law, and should not be construed as altering that law unless they do so expressly. *See* 7A J. Moore & A. Palaez, Moore's Federal Practice ¶ B.02, at B–53 & n. 8 (2d ed. 1988); Admiralty Rule B(1) advisory committee's note; *see generally Schiffahartsgesellschaft Leonhardt & Co. v. A. Bottacchi S.A. de Navegacion,* 773 F.2d 1528, 1532 (11th Cir.1985) (en banc).

6. Hemmert cites *Goodpasture, Inc. v. M/V Pollux,* 602 F.2d 84 (5th Cir.1979), in support of its argument that, under the facts of this case, an action for conversion lies and that it need not prove bad faith to recover. *Goodpasture,* however, is plainly inapposite. In that case, which involved an in rem proceeding, the Fifth Circuit held that a vessel became liable for conversion to the owner of a cargo of wheat when it left port without issuing the owner a bill of lading. *Goodpasture* did not involve a conversion of property by wrongful attachment, the situation presented here.