## THOMAS A. GOLD & another *vs.* HOUSATONIC RAILROAD COMPANY.

A railroad corporation, incorporated by the laws of another state, cannot be charged by the trustee process, although in possession of railroads in this commonwealth under leases from the proprietors thereof.

SCIRE FACIAS against the defendants, as trustees of Eli Chappel. The parties submitted the case to the decision of the court upon the following facts : The defendants are incorporated by the laws of the State of Connecticut; and, at the time of the service of the trustee process upon them, were in the possession, under leases from the Berkshire Railroad Company and the Stockbridge and Pittsfield Railroad Company, of the roads of those corporations in this county; and under such leases and under their charter, had agents at the stations in Pittsfield and other towns through which these roads pass; and were indebted

to Chappel for work done by him, in the defendants' employ· ment and for their benefit, in repairing the Stockbridge and Pittsfield Railroad in the town of Lee.

*T. G. Gold,* for the plaintiffs. The defendants are chargeable as trustees in this process, brought in the county in which their place of business is. Rev. Sts. *c.* 109, § 6. *St.* 1852, *c.* 287. *Lewis* v. *Denney,* 4 Cush. 588.

*J. E. Field,* for the defendants. The defendants, being a foreign corporation, cannot be charged as trustees. Rev. Sts. *c.* 109, § 6. *Danforth* v. *Penny,* 3 Met. 564. The fact that they have leases of railroads in this commonwealth does not alter the case. *Hart* v. *Anthony,* 15 Pick. 445.

Shaw, C. J. It is agreed that the defendants have leases of railroads in this county, and this would make a strong case for charging them as trustees, if they could be chargeable as such, under any circumstances. But the case of *Danforth* v. *Penny,* 3 Met. 564, is decisive, and shows that a foreign corporation cannot be so charged. By Rev. Sts. *c.* 109, § 6, " all corporations may be summoned as trustees." But what corporations ? The very generality of the terms requires some qualification. It cannot be construed literally all corporations, in whatever part of the world established and transacting business. The answer is to be found in the statutes in *pari materia* then existing. The statute in question was only an extension of an existing system. It was intended, we think, to put corporations on the same ground as individuals. And it is well settled that an individual, an inhabitant of another state, is not chargeable by the trustee process, although found in this commonwealth, and here served with process. *Tingley* v. *Bateman,* 10 Mass. 343. *Nye* v. *Liscombe,* 21 Pick. 263. In the case of corporations, which have no local habitation, the principle is this; if established in this commonwealth, by the laws thereof, they are inhabitants of this commonwealth within the meaning of the law; but if established only by the laws of another state, they are foreign corporations, and cannot be charged by the trustee process.

*Judgment for the defendants.*