CONTINENTAL PURCHASING CO., INC., PLAINTIFF-RE-
SPONDENT, v. CLARENCE WILLIAMS, DEFENDANT,
AND THE PENNSYLVANA RAILROAD COMPANY, GAR-
NISHEE-PROSECUTOR.

Argued January 17, 1945—Decided February 2, 1945.

Before Justices CASE, BODINE and PORTER.

For the garnishee-prosecutor, *Lum, Fairlie & Wachenfeld*
(*Charles S. Barrett, Jr.,* of counsel).

For the plaintiff-respondent, *Louis N. Goldman.*

The opinion of the court was delivered by

PORTER, J. This writ brings before us for review a gar-
nishment order and proceedings made in the District Court
of the Second Judicial District of the County of Essex in an
action by respondent, Continental Purchasing Company,
against Clarence Williams. It appears that a judgment was
entered in this action for $70.53 damages and $7.36 costs in
favor of the plaintiff and against the defendant. After
obtaining this judgment, and on October 11th, 1943, a gar-
nishment order was served on the passenger agent at Newark
of prosecutor. Williams had previously been employed by
prosecutor in this state but was not so employed upon the
service of this garnishment order. Later, however, the prose-
cutor ascertained that Williams was employed by it in Phila-
delphia, which fact was disclosed to plaintiff on January 5th,
1944. Williams denied the right of prosecutor to make any
deductions from his wages pursuant to the garnishment order

and threatened action against prosecutor if it made such deductions. Prosecutor thereupon petitioned the District Court to dismiss the garnishment order for lack of validity because Williams resided in Pennsylvania and was not employed by prosecutor within the State of New Jersey. The trial court concluded that the order was valid, and on August 6th, 1944, denied the prayer of the petition.

The question before us is whether a garnishment order may issue on a judgment obtained in this state on an employer of another state where the defendant resides and is employed.

We think not. We find nothing in the statute which authorizes wages to be garnished when earned by a nonresident out of this state. *R. S.* 2:32–180, *et seq.* This statute is in derogation of the common law and must be strictly construed. *Trapp* v. *Brown,* 93 *N. J. L.* 171. Nonresident garnishees are not mentioned in the statute, and we find no provision which attempts to give jurisdiction over them; nor would our courts have power to enforce such orders if authorized, especially where, as here, the only property or *res* sought to be reached is the wages due Williams from the garnishee, and there exists no such *res* in this state. This court has apparently not been called upon before to pass upon this point. We know of no case in this state, and none has been called to our attention. Our sister State of New York, however, has recently ruled on cases in which the identical question was presented and where the facts were similar to those in the instant case. The rulings were that where a non-resident employee was employed by a foreign corporation out of the state the wages could not be collected in New York by garnishment order. *Carpenter* v. *Farabaugh,* 146 *N. Y. Misc.* 625; 262 *N. Y. S.* 609; *Commercial Credit* v. *Young,* 16 *N. Y. Supp.* (2d) 324; 258 *App. Div.* 323. To the same effect is *National Bank of Wilmington and Brandywine* v. *Furtick* (*Del.*), 42 *Atl. Rep.* 479. In that case the words of Mr. Justice Field in *Pennoyer* v. *Neff,* 95 *U. S.* 714, 723, which we think are pertinent here, are quoted as follows: "It is in virtue of the state's jurisdiction over the property of the non-resident situated within its limits that its tribunals can inquire into that non-resident's obligations to its own

citizens, and the inquiry can then be carried only to the extent necessary to control the disposition of the property. If the non-resident have no property in the state, there is nothing upon which the tribunals can adjudicate."

The respondent relies on *National Fire Insurance Co.* v. *Chambers,* 53 *N. J. Eq.* 468, the argument being that the instant case is within the ruling of that case because of the fact that service was made of the order in this state on the foreign corporation employer, which is claimed to be the necessary element to acquire jurisdiction. The mere fact of service is not enough. There was no property or *res* in this state in the instant case, as was the fact in the *National Fire Insurance Co.* case. That was an interpleader suit concerning a fire loss occurring in this state, the dispute being between two creditors of the insured over their rights to the fund. We think that case is not in point.

The order of garnishment under review will be set aside, with costs.