BESSIE FEINMAN, Doing Business under the Name of CADILLAC MAISON STEEL CO., Judgment-Creditor-Respondent, *v.* IRVING MARKS, Judgment-Debtor-Defendant, and MARLIN-ROCKWELL CORPORATION, Third Party-Appellant.

Argued May 14, 1945; decided July· 19, 1945.

*Alfred E. Buck* for appellant. I. Prior to the amendment of section 684 of the Civil Practice Act by chapter 651 of the Laws·of 1939 the rule was well settled in New York that the garnishment herein attempted would be vacated. (*Commercial Credit Corp.* v. *Young,* 258 App. Div. 323; *Douglass* v. *P. Ins. Co.,* 138 N. Y. 209.) II. The amendment did not change the rule in New York. (*Douglass* v. *P. Ins. Co.,* 138 N. Y. 209; U. S. Const., art. IV, § 1; Amendment XIV, § 1; N. Y. Const., art. I,·§§ 6, 11.) III. New York has no jurisdiction over the garnishee herein. (*Plimpton* v. *Bigelow,* 93 N. Y. 592; *National Broadway Bank* v. *Sampson,* 179 N. Y. 213.) IV. The law of garnishment as applied in this case is unconstitutional. (U. S. Const., art. IV, § 1, amendment XIV, § 1; N. Y. Const., art. I, § 11.)

*Solomon Rothfeld* for respondent. I. The garnishee order and the garnishee execution are a proper garnishee execution against appellant. (*Brock* v. *Brock,* 173 Misc. 172; *Tishman Realty & Construction Co.* v. *Spencer,* 24 N. Y. S. 2d 297; *Christmas* v. *Buckley,* 43 F. Supp. 673.) II. The State of New York has jurisdiction over the garnishee herein by virtue of section 684 of the Civil Practice Act as amended in 1939. (*Harris* v. *Balk,* 198 U. S. 215.)

LOUGHRAN, J. The question presented is one as to the validity of the levy of a garnishee execution against the wages of a judgment debtor. The garnishee, a Delaware corporation, had been duly authorized to do business in New York and in Connecticut. The debtor resided in Connecticut and was employed by the garnishee in that State and not elsewhere. The execution was issued by the Municipal Court of the City of New York

upon a judgment which the creditor had recovered against the debtor in that court in June, 1940. Service of the execution and of the order therefor was made in February, 1944, by delivery of copies thereof to the managing agent of the garnishee at an office in which the garnishee was transacting business in the city of New York.

The garnishee thereupon moved for an order vacating the execution and the papers on which it was issued. Denial of this motion by the Municipal Court was affirmed by the Appellate Term and again by the Appellate Division where the garnishee was given leave to present to us for review these two questions certified: " 1. Upon the record herein, should the Municipal Court of the City of New York, Borough of Manhattan, First District, have granted the motion of Marlin-Rockwell Corporation, Third Party herein, to vacate the garnishee execution and the order directing the issuance thereof? 2. Were there any wages or debt due or to become due within the State of New York to which said garnishee execution and order could apply?"

In this State, the process of garnishee execution against wages, earnings or salary of a judgment debtor is regulated by Civil Practice Act, section 684. By chapter 651 of the Laws of 1939, that section was amended by the addition thereto of these words: " The managing agent of a foreign corporation, authorized to do business in this state, shall be deemed to represent such corporation for the purposes of carrying out the provisions of this section." This amendment obviously adopted the general principle which has long allowed " the garnishment of a resident garnishee, though he was not domiciled in the state and the debt was not payable there ",— a principle that has often been applied " where the garnishee was a foreign corporation doing business within the state, and therefore, in a sense 'resident there, though not technically domiciled therein ". (The quotations are from 1 Beale on The Conflict of Laws, § 108.3, p. 461.) In all probability, the above amendment altered the prior law of New York as theretofore declared by section 684, but the degree of the change is not a matter of present concern. (See Kennedy, Garnishment of Intangible Debts in New York, 35 Yale L. J. 689.)

The order should be affirmed, with costs. The first question certified should be answered in the negative. The second question certified should not be answered.

LEHMAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Order affirmed, etc.