11 N.J. Super. 399 (1951)
78 A.2d 408
MECHANICS FINANCE CO., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PERCY AUSTIN, DEFENDANT, AND THE PENNSYLVANIA RAILROAD COMPANY, A CORPORATION, GARNISHEE-APPELLANT. MECHANICS FINANCE CO., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN McELROY, DEFENDANT, AND THE PENNSYLVANIA RAILROAD COMPANY, A CORPORATION, GARNISHEE-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 2, 1951.
Decided January 25, 1951.
*401 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. John F. Lynch, Jr., argued the cause for the garnishee-appellant (Messrs. O'Mara, Conway & Schumann, attorneys).
Mr. Sidney H. Kantrowitz argued the cause for the respondent (Messrs. Eichenbaum, Kantrowitz & Eichenbaum, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
Concisely stated, the controversial question debated by counsel is whether the wages of residents of this State who are in the employ of the Pennsylvania Railroad Company, a foreign corporation authorized to conduct its operations in this State, which wages were contracted for, and are currently earned and paid in the State of New York, are subject to an order in garnishment proceedings by an execution creditor under our existing statute. R.S. 2:32-180 et seq.
The record before us consists of an agreed statement of facts submitted pursuant to Rules 1:2-22 and 4:2-6. It reveals that the plaintiff-respondent recovered judgments in this State against the debtors Austin and McElroy. Each are employees of the Pennsylvania Railroad Company in the State of New York where they perform their services and receive their wages or salaries. Each debtor is a resident of the State of New Jersey.
The Pennsylvania Railroad Company is a foreign railroad corporation authorized as such to conduct business within this State by P.L. 1873, c. 386.
The Hudson County District Court, in which the judgments were obtained, entered orders directing wage executions upon *402 the salaries of the respective judgment debtors, and by virtue of the service of the executions upon the railroad company in this State, the company was commanded to deduct from the salaries of the respective employees the usual statutory percentage each week until the judgment debt was paid.
The railroad company, as garnishee, obtained from the District Court rules to show cause why the garnishment orders should not be vacated and quashed. The rules were discharged, and these consolidated appeals bring before us for review the propriety of their dismissal.
Our attention is immediately invited to the decision of the Supreme Court in Continental Purchasing Co., Inc., v. Williams, 132 N.J.L. 445 (Sup. Ct. 1945), which the appellant insists is decisive and conclusive.
We observe that in the cited decision the court disclosed with precision and exactness the problem presented for determination. We quote: "The question before us is whether a garnishment order may issue on a judgment obtained in this state on an employer of another state where the defendant resides and is employed." (Emphasis ours.) Obviously, the fact that the judgment debtor was a non-resident of this State was recognized as a circumstance of salient significance. In the present proceedings the judgment debtors are residents of New Jersey.
It was accordingly concluded in the Continental case that there was "nothing in the statute which authorizes wages to be garnished when earned by a non-resident out of this state." It is equally apparent that the solidity of the decision inheres in the finding that "there exists no such res in this state."
We would have but little hesitation in declaring that decision inapplicable to the dissimilar circumstances of the present case, had the court not simultaneously announced: "Non-resident garnishees are not mentioned in the statute, and we find no provision which attempts to give jurisdiction over them." This expression of opinion cannot be evaluated as dictum. The application of the statute to non-resident garnishees, or the lack thereof, was a cogent and material point of consideration in the determination of the validity *403 of the order under review. The annulment of the order of garnishment was evidently deemed imperative for two reasons, viz., the inapplicability of the statute to non-resident garnishees and the absence of a res within this State.
We are aware of the field of the present appeal. While the factual circumstances of the Continental case and the present one are dissimilar as we have indicated, the question now before us is nevertheless essentially the same. It is not whether the Legislature could lawfully and constitutionally authorize the issuance of an effective order of garnishment in the circumstances of that or of the present case but whether the Legislature has endeavored to do so. It must be conceded that garnishment as known in the law is the creature of statute. If, as determined in the Continental case, the Legislature has not attempted to embrace within the existing statute non-resident and foreign corporate garnishees, our views concerning the power to do so would be merely declaratory. But see, 10 Fletcher, Cyclopedia Corporations (Perm. ed.), §§ 4735 et seq.
Therefore to sustain the propriety of the orders under review, we are in actuality importuned to overrule at least in part the decision rendered in the Continental case.
It is not the judicial policy to overule a decision construing an act of the Legislature where the Legislature has held several sessions since the rendition of the decision without by means of supplement or amendment manifesting an intention to eradicate the construction theretofore judicially ascribed to the act. 14 Am. Jur. 287, Courts, §§ 66 et seq., and citations.
Legislative silence and inaction generate an inference of a tacit acquiescence that the judicial construction is proper and in accord with the legislative intention, for if otherwise, the legal presumption is that the terms of the statute would be so changed by the Legislature as to exclude the known construction and to effectuate the true intention. The presumption is the stronger where the Legislature has, as here, since amended the statute without disturbing the terms of the former act which received the judicial construction. Eckert *404 v. New Jersey State Highway Dept., 1 N.J. 474 (1949); Ross v. Miller, 115 N.J.L. 61 (Sup. Ct. 1935); Lewis' Sutherland Statutory Construction, § 499.
We refrain from indicating what our opinion might be concerning the construction of the statute if the question were now an open one. Our power to disagree with a decision of the former Supreme Court is not in doubt, but we perceive the analogical applicability of the established rule that where a decision upon a point of law has been made upon solemn argument and after mature deliberation, it ought not to be disturbed by the court in which it was promulgated, except for very urgent reasons and upon a clear manifestation of error. Bowman v. Freeholders of Essex, 73 N.J.L. 543 (E. & A. 1906); Freeholders v. Jersey City, &c., St. Ry. Co., 85 N.J.L. 179 (E. & A. 1913); Jersey City v. Blum, 101 N.J.L. 93 (E. & A. 1925); Fraser v. State Board of Education, 133 N.J.L. 597 (E. & A. 1946).
Assuming from the inaction of the Legislature that the statutory meaning as judicially construed is in accord with the legislative intent, assuredly a present judicial expansion of the statute to include non-residents and foreign corporations as garnishees would amount to judicial legislation and in essence would constitute the exercise of a legislative function by the court. Singer Sewing, &c., Co. v. N.J. Unemployment, &c., 128 N.J.L. 611 (Sup. Ct. 1942); affirmed, 130 N.J.L. 173 (E. & A. 1943); Eckert v. New Jersey State Highway Dept., supra.
In the situation presently existing, we are of the opinion that any augmentation of the statute as heretofore judicially construed is appropriately a matter within the province of the Legislature. Vide, Gold v. Housatonic R.R. Co., 67 Mass. 424 (Sup. Jd. Ct. 1854), in association with National Bank of Commerce v. Huntington, 129 Mass. 444 (Sup. Jd. Ct. 1880). Note amendment of act mentioned in Feinman v. Marks, 294 N.Y. 367, 62 N.E.2d 606 (Ct. App. 1945).
The orders under review will be set aside. No costs.