MARVINS CREDIT, Inc., a corporation, Appellant,

v.

GENERAL MOTORS CORPORATION, a corporation, as Garnishee of Frank Mobuary, Appellee.

No. 1724.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 28, 1955.

Decided Jan. 4, 1956.

Abraham Chaifetz, Washington, D. C., with whom Martin J. Zuckerman, Washington, D. C., was on the brief, for appellant.

Charles E. Channing, Jr., Washington, D. C., with whom Macleay, Lynch & Macdonald, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant brought suit in the Small Claims Branch of the trial court against one Mobuary for the value of goods allegedly sold to him. The statement of claim (complaint) alleged under oath that Mobuary was a nonresident of the District of Columbia, and an attachment before judgment was issued, naming General Motors Corporation as garnishee. Code 1951, §

16–301. Service was made on General Motors at its District of Columbia office, but it failed to answer, and appellant moved for judgment of recovery because of such failure. General Motors then moved to quash the writ of attachment and filed an affidavit in support thereof, in which it was stated that Mobuary is a resident of the State of Maryland and is employed at General Motors' Chevrolet assembly plant in Baltimore where the payroll is made up and where he is paid; that no credits which Mobuary may have with General Motors ever "touch or pass through the District of Columbia either directly or indirectly," and that General Motors' office in the District of Columbia has no connection with the work performed by Mobuary.

The trial court quashed the writ of attachment, holding it lacked jurisdiction "over the res," namely, wages paid a resident of Maryland for services performed in Maryland. We allowed an appeal.[1]

General Motors does not contend it is not subject to service of process in the District of Columbia, and it is conceded that under our statute credits, including wages, may be levied upon under a writ of attachment and garnishment. General Motors' contention is that because Mobuary is a resident of Maryland and his wages are payable there for work performed there, such wages are not credits within the District of Columbia but have their situs in Maryland.

Some jurisdictions hold to the theory that a debt has a situs and can be seized only in the jurisdiction where such situs exists.[2] It is settled, however, in the District of Columbia that "it is not the res which confers jurisdiction, but rather the person of the garnishee". United States ex rel. Ordmann v. Cummings, 66 App. D.C. 107, 109, 85 F.2d 273, 275. This is in accord with the Supreme Court's ruling that "power over the person who owes a debt confers jurisdiction on the courts of the state where the writ of attachment issues". Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 193, 61 S.Ct. 513, 517, 85 L.Ed. 725.

Accordingly we must hold that General Motors was subject to garnishment of the credits in its hands belonging to Mobuary, and that it was error to quash the writ of attachment. It was not error to deny appellant's motion for judgment of recovery because judgment should not be entered against the garnishee until the action against the principal debtor is determined. Code 1951, § 16–319.

General Motors suggests that regardless of the question of jurisdiction, the proceeding should have been dismissed on the ground of *forum non conveniens*. We see no basis for the application of that doctrine under the circumstances of this case.

The order of the trial court quashing the writ of attachment is reversed, and the cause is remanded to the trial court with instructions to allow an answer to be filed by the garnishee, and for further proceedings consistent with this opinion.

Reversed and remanded with instructions.

1. Review of a judgment of the Small Claims Branch of the trial court may be had only by allowance of an application for appeal. Code 1951, § 11–772.

2. See 4 Am.Jur., Attachment and Garnishment, § 67; 38 C.J.S., Garnishment, § 125.