Matthew J. Jases, J.
This is a motion by plaintiff for summary judgment against defendant with a cross motion by the defendant for the same relief.
The parties have stipulated to substantially all the facts. They have agreed that the plaintiff is a resident of the State of New York; that the defendant is a foreign corporation qualified to do business in the State of New York and in the District of Columbia; that plaintiff since 1955 is employed by the defendant in Buffalo, New York; that prior to the commencement of this action, an action was commenced in the District of Columbia wherein one Dalton Finance, Inc., was plaintiff and the plaintiff herein was the defendant, and attachments in compliance with the District of Columbia statutes were issued out of said court directed to and personally served upon the defendant herein, in the District of Columbia; that under these attachments, in compliance with District of Columbia statutes and practice, the credits due from this defendant to this plaintiff in the sum of $295.93 were attached; that subsequently a judgment in the District of Columbia in favor of the above Dalton Finance, Inc., versus this plaintiff was entered in the above sum and this defendant paid said Dalton Finance, Inc., the same amount and that the judgment against this plaintiff was marked paid in full; that pursuant to the District of Columbia statutes, this defendant was notified to show cause why the property attached should not be condemned; that this plaintiff was informed by the defendant of the service on this defendant of the writs of attachment served on this defendant and of the pending suit between the aforesaid Dalton Finance, Inc., and plaintiff herein in the District of Columbia; that plaintiff herein did not take any steps to contest the claim; that ‘ ‘ all procedural requirements of the District of Columbia statutes regarding the attachments before judgment have been carried out.”
There is no dispute that plaintiff owed this sum to the Dalton Finance, Inc. The only question presented to the court is whether Dalton Finance had a right to obtain payment of said *266 sum pursuant to the District of Columbia statutes, from the defendant herein who maintains a place of business in the District of Columbia, as well as elsewhere.
In order to determine the validity of the attachment proceedings, one must first find what law governs under such circumstances. This court is of the opinion that the law of the forum where attachment is brought, governs the validity of the proceedings. v
The court in Huron Holding Corp. v. Lincoln Mine Operating Co. (312 U. S. 183, 193) said: “ power over the person who owes a debt confers jurisdiction on the courts of the state where the writ of attachment issues; and by reason of the constitutional requirement that full faith and credit be given the valid actions of a state, courts of one state must recognize valid attachment judgments of other states.”
There does not seem to be any dispute that the attachment of the District of Columbia was a valid judgment and that General Motors Corporation was subject to the jurisdiction of the courts of said District.
The District of Columbia Court in Marvins Credit v. General Motors Corp. (119 A. 2d 447 [D. C. Mun. App. 1956]) held that the person of the garnishee grants jurisdiction to the court, regardless of the residence of the debtor and that where the corporation is present in the District, wages of an employee with no contacts with the District may, nevertheless, be attached and garnisheed. (See, also, United States v. Cummings, 66 App. D. C. 107, 109; 85 F. 2d 273; McGrath v. Agency of Chartered Bank of India, 104 F. Supp. 964, 966.)
In New York the courts have held the same rule applies. In Morris Plan Ind. Bank v. Gunning (295 N. Y. 324) where the employee was a resident of and employed in Pennsylvania, the court held that even though no part of an employee’s wages could be attached in Pennsylvania under Pennsylvania law, the law of the forum (New York) applies and 10% of the employee’s wages as permitted by New York law may be attached. (See, also, Civ. Prac. Act, §§ 684, 916; Feinman v. Marks, 294 N. Y. 367.)
The plaintiff further raises the argument that assuming the proceedings in the District of Columbia arc valid, they should only be recognized by our State to the extent of a 10% deduction of an employee’s wages, on the grounds that any deduction in excess of said amount is against public policy.
Although this court does not believe that the District of Columbia statute permitting 100% deduction of an employee’s wages pursuant to a garnishment proceeding is as fair and *267 equitable as our 10% statute, it is not for the court to pass on the wisdom of such legislation but merely to determine its validity.
Once it is determined that the proceedings in the District of Columbia are valid, then full faith and credit must be given to valid garnishment proceedings. The court in Harris v. Balk (198 U. S. 215, 222) held “ If there be a law of the State providing for the attachment of the debt, then, if the garnishee be found in that State, and process be personally served upon him therein, the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff ”.
The defendant further contends that this action must be dismissed on the grounds that section 1 of article IV of the United States Constitution requires that the statutes and proceedings had in the District of Columbia be given full faith and credit and cites District of Columbia Code (1952, § 16.325) which provides : ‘ ‘ Any judgment of condemnation against a garnishee, and execution thereon, or payment by such garnishee, in obedience to the judgment or any order of the court, shall be a sufficient plea in bar in any action brought against him by the defendant in the suit in which the attachment is issued, for or concerning the property or credits so condemned. ’ ’
For the reasons stated, the plaintiff’s motion for summary judgment is denied and pursuant to rule 113 of the Rules of Civil Practice, judgment may be entered in favor of the defendant dismissing the complaint herein.