George Tilzer, J.
Plaintiff moves for summary judgment against the defendant American Mutual Liability Insurance Company, and defendant cross-moves for summary judgment dismissing the complaint.
Plaintiff obtained a decree of separation from the defendant Downs in this State; the decree adopted and confirmed the prior separation agreement made between the parties and directed its performance. The agreement contained an assignment of wages. Notice thereof was given to the defendant American, a foreign corporation licensed to do business in this State.
The first defense that the decree and agreement have been superseded is not supported in defendant’s brief, nor the second defense that in mailing the separation decree the court was without jurisdiction over the person of the defendant Downs; and these defenses are ruled insufficient and unproved. By the third defense it is asserted that Massachusetts law controls and voids the assignment, since the employment contract was made in Massachusetts and is performed there. As stated in Morris Plan Ind. Bank of N. Y. v. Gunning (295 N. Y. 324, 331): “ The New York garnishment statutes are applicable to wages earned outside the State. * * * The general rule is that questions of garnishment and attachment are decided by the law of the forum since they deal with remedies.” Moreover, section 49-b of the Personal Property Law provides that the court in connection with an order made in a matrimonial proceeding “ may order his employer to deduct from such employee’s wages, salary and/or commissions such amounts as the court may find to be *1083 necessary to comply with its order for the support of the employee’s minor children and/or his or her spouse. Such employer shall deduct the amount as ordered from the wages, salary and/or commissions of the employee and forward it monthly as directed in the order.” Subdivision 2 of that section provides: “The limitations and regulations of sections forty-six to forty-eight-a, personal property law, do not apply to assignment of, or order for, wages for the support of children and/or spouse when such assignments or orders are made to comply with a court order of support.” (See Harris v. Balk, 198 U. S. 215; Morris Plan Ind. Bank of N. Y. v. Gunning, supra; Feinman v. Marks, 294 N. Y. 367.)
As stated in Harris (supra, p. 222): “ Power over the person of the garnishee confers jurisdiction on the courts of the State where the writ issues.”
The motion is granted and the cross motion is denied.