Edward J. Greenfield, J.
This motion for summary judgment squarely raises the issue of whether under the CPLR a foreign corporation maintaining a sales office in this State, with its principal offices elsewhere, is obligated to honor an income execution served upon it here seeking to reach the wages of one of its employees — a New York judgment debtor now resident in another State. It also raises the question of the extent to which in the absence of explicit provisions of the CPLR the court may improvise its own procedures.
The undisputed facts are these: plaintiff obtained a judgment in the Supreme Court, Nassau County, against her former husband for support and maintenance in the sum of $2,780. The husband is now a resident of Massachusetts employed as a salesman by the defendant, Supak & Sons Manufacturing Co. The latter firm is a Minnesota corporation with over 500 employees. Its principal office is located in Portsmouth, Virginia. It has a factory in North Carolina, and a sales office in New York City employing three persons. It processes all orders in its Virginia office and ships all merchandise from there or from its North Carolina plant. Its payroll is handled and all salaries are paid from the Portsmouth, Virginia office.
Unable to proceed directly against her husband in New York, plaintiff issued an income execution to the 'Sheriff in New York County, who served it on the defendant, her husband’s employer, at its New York sales office. Defendant refused to comply and this action ensued.
Prior to enactment of CPLR 5231 (L. 1962, ch. 315, § 5, eff. Sept. 1, 1963) it was established by prevailing case law that there could be garnishment in New York of wages earned outside the State by a nonresident employee of a foreign corporation which was found in this State. (Morris Plan Ind. Bank of N. Y. v. Gunning, 295 N. Y. 324; Feinman v. Marks, 294 N. Y. 367; Tishman Realty & Constr. Co. v. Spencer, 24 N. Y. S. 2d *576 297.) It was held: “Power over the person of the garnishee confers jurisdiction on the courts of the State where the writ issues.” (Harris v. Balk, 198 U. S, 215, cited in Downs v. American Mut. Liab. Ins. Co., 36 Misc 2d 1082, 1083.)
The question presented here is whether, despite the jurisdiction the court would otherwise have by case law, the situation has been changed by enactment of article 52 of the CPLE. That article, dealing with the enforcement of money judgments, was not a mere codification of existing law but effected sweeping changes of substance and procedure in the law dealing with executions upon real property, personal property and incomes. The previous garnishment procedure was done away with, and in its place was substituted a new concept of ‘ ‘ income executions ”, in which the cumbersome requirements of a property execution being returned unsatisfied and a court proceeding were to be eliminated. Central to the new procedure was the requirement that the judgment debtor was to be afforded notice and the opportunity to pay voluntarily in installments, before his employer or anyone else who owed him money became embroiled in the enforcement effort (CPLE 5231, subd. [a]).
Subdivision (b) of CPLE 5231 provides: “Where a judgment debtor is receiving or will receive more than thirty dollars per week from any person, an income execution for installments therefrom of not more than ten percent thereof may be issued and delivered to the sheriff of the county in which the judgment debtor resides or, where the judgment debtor is a non-resident, the county in which he is employed. ’ ’
Thus, provision is made for giving notice of the income execution and the opportunity to take action to debtors who are residents of New York and to nonresidents who are employed in New York. No statutory provision is made to cover the situation which existed in the Morris Plan and Feinman cases (supra) where there is a nonresident debtor who is not employed in New York, although his employer may be otherwise amenable to the jurisdiction of the courts of New York. That is the situation with which we are confronted here.
Under the statutory scheme as laid down in subdivision (d) of CPLE 5231, the creditor may proceed to levy an income execution by having it served “ upon the person from whom the judgment debtor is receiving or will receive money personally within the county in the same manner as a summons ” only 20 days after the original income execution has been placed in the hands of the Sheriff and he has failed to make any payment within that time. Thus, it can be seen that an indispensable prerequisite to the levy against the employer is the affording of notice by
*577 prior service upon the judgment debtor. (Cf. CPLR 5231, subd. [c].)
Since, in this case the judgment debtor lived and worked in Massachusetts, and there was no county of residence or county of employment in New York, there was no Sheriff in New York to whom the income execution could be delivered for service on the judgment debtor under the statutory scheme. Hence, no attempt was ever made here to comply with the notice and opportunity requirements before the plaintiff proceeded directly against the New York office of the corporation which employed the debtor in Massachusetts.
Subdivision (d) of CPLE 5231 calls for service of the income execution upon the income source ‘ ‘ upon the person from whom the judgment debtor is receiving or will receive money personally within the county in the same manner as a summons ’ ’. It is not specified which Sheriff shall levy upon the income source, nor is the statute completely free from ambiguity as to whether the execution must be served or the income must be received personally within the county. Nevertheless, the plaintiff urges here that inasmuch as there is no provision for giving notice to nonresident debtors employed elsewhere, that provision should be ignored and the court should enforce income executions served on employers in New York by allowing the Sheriff of the county where such employer is located to be served with the income execution directly, dispensing with all other prerequisites.
Respectable argument can be made for the proposition that it was never the intention of the Legislature in enacting the Civil Practice Law and Buies to grant exemption from income execution procedures to judgment debtors who neither lived nor worked in New York but whose assets could be reached through an employer who had an office in New York, as in the Morris Plan and Feinman cases. (See practice commentary by David D. Siegel, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, pp. 162-163.) It is suggested in Weinstein-Korn-Miller, New York Civil Practice (vol. 6, par. 5231.17): “ The simplest expedient * * * is to view the service requirement in subdivision (d) [sic] as inoperable when the debtor is neither a resident of nor employed in New York and permit service to be made under subdivision (d) on the person or the legal entity from which the judgment debtor is receiving income in the first instance.” This is all very well as an academic suggestion, or one by a writer of a text, but this is a court of law whose obligation it is to interpret and apply the laws as they exist, and not to ignore them, rewrite them or fill the interstices and lacunae with novel judicial improvisations.
*578 It is one thing to make inquiry into presumed legislative intent in resolving ambiguities which may be inherent in the draftsman’s work. It is quite another thing for a court to ignore entirely a statutory provision or to create a new form of procedure in an area in which the Legislature has been wholly silent. In an era in which the courts have become creators as well as arbiters, and innovation is crowding interpretation, some modicum of judicial restraint may still be called for before a court cloaks itself with the power to revise or rewrite existing statutory law.
The provisions of article 52 have received extensive ei'itieism at the hands of the Bar and law schools alike. The Judicial Conference of the State of New York has proposed amendments to CPLR 5231, among others, in part because of the very problem confronting us here. See Report of the New York Judicial Conference to the 1965 Legislature dated February 1, 1965, pages 42 to 60. It should be noted that the Conference calls for supplementing whatever deficiencies there may be in the statute by further legislation rather than by judicial fiat. It should further be noted that the proposed amendments would provide for a method of service of notice on a nondomiciliary by registered or certified mail. This would preserve intact one of the primary concepts of the new income execution provisions — the requirement that notice be forwarded to judgment debtor in all cases — a requirement which the plaintiff would have this court simply excise. The Judicial Conference recognized that “ subdivision (b) of § 5231 as enacted seemingly changed that rule (the rule of Feinman v. Marks, supra) and limited the levy to judgment debtors who resided in or were employed in the state.” (Id., p 55.)
CPLR 5240 empowers the court “ on its own initiative or the motion of any interested person, and upon such notice as it may require [to] make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure.” This broad discretionary power gives the court a certain degree of leeway in applying the procedures set forth in article 52, but surely it does not empower the court to ignore those procedures or issue an order contrary to the statute. It is one thing to modify or limit a provision. It is another thing entirely to ignore one provision and create a wholly new one in its place. CPLR 5240 permits a certain amount of tinkering on the structure by the judicial handyman, but it does not permit the construction of an entirely new wing using jurisprudential architecture.
*579 If the court were to follow the suggestions to excise the requirement of notice to the debtor entirely, a host of additional problems would ensue. Not only would the court be compelled to dispense with what underlying policy would indicate is an essential prerequisite, but if it did so it would create a disparity in treatment between two classes of judgment debtors — those who could readily be served at their home or place of employment, and those who are wholly absent from the jurisdiction. The procedure proposed would wholly disregard the requirements of notice and afford the absent debtor no opportunity to make installment payments voluntarily and head off any potential embarrassment with his employer. The creation of such a distinction would certainly not be even-handed justice, and would create serious constitutional problems. The court- concludes that the only proper method of dealing with the statutory deficiency, if deficiency it is, is in the manner proposed by the Judicial Conference, through further legislation which would preserve the requirements of notice and opportunity to all judgment debtors, resident and nonresident alike.
In viewing the entire statutory scheme, the court is not entirely persuaded that the omission of a provision for service upon absent debtors was wholly unintentional and that a creditor is without other remedy. CPLR 5226 provides a method by which a judgment creditor may reach income by requiring the debtor to make specified installment payments. That procedure calls for a motion to be made in court, on notice to the debtor, which notice is to be served in the same manner as a summons, or by registered or certified mail. CPLR 5227 affords the creditor the right to bring a special proceeding against a person who owes money to the judgment debtor, in which notice to the judgment debtor is required in the same way. Thus, procedures are available, although the court cannot be bypassed, in situations where the judgment debtor neither resides nor is employed within the State. As Professor Siegal notes in his commentary (op. cit. p. 161) the income execution provisions of CPLR 5231 were not part of the original proposals for article 52, it being contemplated that CPLR 5226 would serve the purpose. The enactment thereafter of CPLR 5231 which enabled the parties to avoid a court proceeding and which permitted the debtor to avoid involving his employer or others, was an additional remedy. Its scope should not be judicially construed so as to make its benefits available to one class of debtors and not to another, based upon the situs of residence or employment.
In this case the plaintiff made no attempt whatever to give notice to the judgment debtor. She made no motion to have the *580 court modify the required procedure under CPLR 5-240. She made no motion under CPLR 5226, nor did she bring a proceeding under CPLR 5227. She chose the easiest road -available — having a Sheriff in New York County serve the income execution directly on the employer, wholly bypassing the requirements of notice to the debtor and of judicial supervision which would be required under CPLR 5227. This court cannot give its approval to that truncated procedure. Accordingly, the motion of the plaintiff for summary judgment must be denied and summary judgment granted in favor of the defendant corporation dismissing the complaint herein. Under the circumstances, it will -not be necessary for this court to pass upon the question of whether the defendant corporation is amenable to service here solely because of the maintenance of its sales office in New York City.