Jack Stanislaw, J.
Kathryn Brown, judgment creditor, brings this proceeding for judgment directing that respondent Arabian American Oil Company (“ Aramco ”) pay her 10% of *183 the monthly earnings of the judgment debtor Elmer G. Brown, as well as for the gross sum equivalent to such payments as have accrued since the return date hereof.
There is a serious question as to the exact nature of this proceeding. Obviously, it does or should fall somewhere within the coniines of article 52 of the CPLR. Its validity depends upon just which provision, if any, represents the authority against which Kathryn Brown’s procedure may be measured.
The petition itself recites the underlying judgment docketed in Suffolk County on September 8,1965 and in New York County on September 21,1965. Execution against wages was thereafter delivered to a New York City Marshall, remained unsatisfied, and was then served on Aramco on January 17, 1966. Aramco would not pay, although Elmer Brown was and is its employee. Among other things, respondent’s answer acknowledges employment of Elmer Brown, in Saudi Arabia, but denies that its refusal of the income execution was unwarranted. In justification, Aramco affirmatively defends by alleging petitioner’s noncompliance with CPLR 5231 as to service on the judgment debtor, the fact that Elmer Brown receives compensation in Saudi Arabia only and not at all in New York, and that if the proceeding be one brought pursuant to CPLR 5221 and 5227, then venue is improper.
Petitioner’s memorandum disputes the characterization of this proceeding as brought pursuant to CPLR 5231, and instead refers it to CPLR 5227. The latter permits special proceedings by the judgment creditor against a person who is or will become indebted to the judgment debtor. There seems little doubt that wages not yet earned nevertheless qualify to some extent as “Debts against which a money judgment may be enforced” (CPLR 5201, subd. [a] ; see, also, 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5201.04; McKinney’s Cons. Laws of N. Y., Book 7B CPLR 5201, Practice Commentary). The issue is whether earnings are subject to the special proceeding of CPLR 5227 against an employer, or are only vulnerable as limited by CPLR 5231
Income executions, though not 4 ‘ certainly ’ ’ due within the language of CPLR 5201 (subd. [a]) are nevertheless specifically available by virtue of the provisions of CPLR 5231. Here, though, Kathryn Brown has attempted to equate the “ debts ” amenable to special proceedings against persons to be or already indebted to the judgment debtor (CPLR 5227) with earnings. However, we have noted the general certainty requirement as to actionable debts (CPLR 5201, subd. [a]) and then the clearly additional coverage as to future income only notwithstanding *184 possible problems of uncertainty (CPLR 5231). Detailed and ample methods are prescribed for getting at debts owed to a judgment debtor as well as at money or property held by a third party, and other sources of funds to which the debtor is entitled (CPLR 5225, 5226, 5227). All of these avenues of relief open to judgment creditors are essentially and particularly dependent upon the unequivocal existence of those debts to the judgment debtor specified at CPLR 5201 (subd. [a]).
It is only when we get to income executions that the mandated certainty of debt is relaxed and relief by way of a percentage of potential earnings outlined. What petitioner argues is that the availability of wages as a source of payment pervades the article (CPLR, art. 52) and is not restricted to the one section (CPLR 5231). Yet it is impossible to avoid the conclusion that if this were the ease the statutory isolation regarding income executions becomes superfluous and disappears (cf. CPLR 5226 and 5227). Therefore, any proceeding directed to income as a past or future 10% source of judgment reduction must necessarily follow the dictates of CPLR 5231. The issue is then whether, despite the label, the instant proceeding conforms to those dictates. (See, also, Silbert v. Silbert, 25 A D 2d 570.)
Elmer Brown was never personally served with an income execution. In fact, he was then, as he is now, in Saudi Arabia. He was notified of the instant proceeding by registered mail, but only Aramco was served with an income execution initially. A debtor is to be served as well, £ £ in the same manner as a summons ” (CPLR 5231, subd. [c]). This proviso is somewhat conditioned by another permitting the Sheriff to serve an employer ££ if * * * unable to serve * * * the judgment debtor within twenty days” (CPLR 5231, subd. [d]). Acknowledgment of the possible failure of service as to the judgment debtor seems to be an explicit approval of subsequent service upon the income source only to effectuate the income execution.
Assuming service on respondent as proper per se, another potential obstacle is noted. Service is to be ££ upon the person from whom the judgment debtor is receiving or will receive money personally within the county in the same manner as a summons ” (CPLR 5231, subd. [d]), and as to a nonresident judgment debtor issuance is to the Sheriff of “the county in which he is employed ” (CPLR 5231, subd. [b]). Taking these issuance and service provisions together, it appears that some physical ££ presence” of the debtor in the State is indicated. Issuance goes to the county of employment as to a nonresident. Failure of debtor service, allowing service upon an employer, appears predicated on a place of actual receipt of wages by the *185 debtor as amenable to jurisdiction. Here the judgment debtor is technically incapable of being served because he is not physically present and employed in a county of New York. Thus, the service of Aramco falls because there was no preliminary ability to serve the debtor. The failure of the latter service follows from the absence of either an actual place of employment or receipt of moneys in New York (see Kaplan v. Supak & Sons Mfg. Co., 46 Misc 2d 574).
It is unlikely that the CPLB. was drafted with an eye to the protection of nonresident judgment debtors. We have had to indicate here one of the more obvious problems that exists as an apparent loophole in CPLB 5231. This is a New York judgment and an employer located in New York. The debtor had notice of both judgment and execution, thus obviating the objection stated in the Kaplan case {supra). Is the proceeding then permissible notwithstanding the formal obstacles? We think not. The totality of CPLB 5231 is so consistently geared to the debtor’s contacts with and actual presence in the State of New York, by employment and/or receipt of money, that to stick a judicial thumb in the dike would be patent legislation. The temptation is great, but there is no rational, or even irrational, basis for expression. There seems to be reasons enough for a change, but we cannot undertake it by simply ignoring the verbiage of a section of the CPLB we do not like. The petition must be dismissed.