Abraham N. Geller, J.
The question presented is whether under CPLE an income execution may be utilized in the case of a judgment debtor who neither resides nor is employed in New York, but whose employer is authorized to do business in this State. Under the Civil Practice Act, it was settled that such a garnishee execution served on an employer who could be reached within the State, was jurisdictionally valid and authorized (Feinman v. Marks, 294 N. Y. 367).
Since the enforcement of money judgments was one of the main subjects intended by the Advisory Committee for modern revision and remedial measures facilitating collection by judgment creditors, it is surprising that the CPLE income execution procedure (CPLE 5231) has added a new feature which, if interpreted literally, seemingly would deprive a judgment creditor of the right to issue income execution under these circumstances. Indeed, the only two reported decisions on this question reached the conclusion that, despite the belief that such a result might not have been intended, the plain language of the statute could not be ignored, particularly in light of the fact that the Legislature did not act in 1965 on the comprehensive amendments to CPLE 5231, including the provision here involved, proposed by the Judicial Conference (Kaplan v. Supak & Sons Mfg. Co., 46 Misc 2d 574; Matter of Brown v. Arabian Amer. Oil Co., 53 Misc 2d 182).
The problem arises because a new preliminary condition was imposed by 'CPLE before the income execution could be served on the employer to fulfill its usual function. The purpose of this preliminary condition is to provide the judgment debtor with the opportunity to satisfy the judgment by like installments and thereby prevent his employer being served with the income execution and made aware of the judgment.
CPLE 5231 (subd. [b]) provides for the issuance and delivery of an income execution “ to the sheriff of the county in which the judgment debtor resides or, where the judgment debtor is a nonresident, the county in which he is employed.” Since the county here referred to is one within the State, this requirement is obviously inoperable where the judgment debtor neither resides nor is employed in this ¡State.
*146 CPLR 5231 (subd. [c]) provides that the Sheriff of the county in subdivision (b) shall serve a copy of the1 income execution upon the judgment debtor “ in the same manner as a summons ”. Subdivision (d) provides that, if the judgment debtor fails to pay installments pursuant to the income execution for a period of 20 days, or if the Sheriff is unable to serve it upon the judgment debtor within 20 days, the Sheriff shall serve it upon the person from whom the judgment debtor is receiving money ‘ ‘ personally within the county in the same manner as a summons ”.
In this case, judgment debtor was a resident of this State when the debt was incurred and when judgment was- entered on December 30, 1966. He is now a resident of California and employed at one of the General Motors plants in California. General Motors, of course, has a New York office.
The judgment creditor delivered an income execution to the Sheriff of the City of New York, County of New York, for service upon the debtor and if such service could not be effected, then upon General Motors. The Sheriff properly rejected it because the debtor neither resides nor is employed in the County of New York. Judgment creditor then brought on this application for an order authorizing service of an income execution on the judgment debtor by a Sheriff in California in the same manner as a summons under CPLR 308 (subd. 4) and 313.
Here we have the proper alternative which would adjust the CPLR 5231 (subds. [b], [c]) debtor-stage of the income execution procedure to the situation of nonresident nonemployees of New York, giving them the required notice and affording them the opportunity to pay and avoid the employer-stage, thus permitting jurisdiction as long since established to be retained in such cases against employers doing business in this State.
No violence would be done to the statute. The' purpose intended by the new preliminary debtor-stage would be' completely satisfied. The basic intention to facilitate and improve the enforcement of judgments would not be thwarted by a too literal interpretation of a preliminary procedural step.
An authoritative work on CPLR, written by former principal associates in the Advisory Committee, has taken this view— that the Advisory Committee could not have intended the result reached by a literal interpretation; that, since decisional law established the necessary jurisdiction in such cases, the courts need only provide for notice to be given to the judgment debtor in another manner when subdivision (b) proves *147 unworkable (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5231.17).
The fact that the Legislature did not act on any of the amendments to CPLR 5231 proposed by the Judicial Conference still leaves the court with the responsibility for a reasonable interpretation in accordance with decisional law.
Moreover, CPLR 5240 gives the court some latitude within limits to regulate, extend or modify the use of any enforcement procedure. The alternate procedure here suggested would appear to be within the proper scope of a modified procedure, substituting an equivalent form of notice to preserve the purposes intended in order to facilitate the desired enforcement of the judgment. The essential elements of the debtor-stage are notice served in the same manner as a summons and opportunity to make payments. Actually, it is the employer-stage which constitutes the income execution levy.
The application is accordingly granted. Settle order setting forth the provisions of CPLR 5231 as they apply to this judgment debtor, giving him notice of the proceedings to be taken with respect to income execution and providing for service upon him of a certified copy of said order by the Sheriff of Alameda County, California.