■ PETER T. COOK, Appellant, v. H. R. H. CONSTRUCTION CORPORATION et al., Respondents.— In a proceeding pursuant to CPLR 5225, 5227 and 5239, the appeal is from a judgment of the Supreme Court, Queens County, dated January 18, 1968, which directed respondent H. R. H. Construction

Corporation to turn over moneys to respondent Goldman and to pay certain fees to respondent Sheriff. Judgment affirmed, with $10 costs and disbursements to respondent Goldman. By this proceeding appellant sought an order enforcing his rights in funds held by H. R. H. Construction Corporation (hereinafter called "H. R. H.") to the credit of Shur-Fit Metal Products Corp. (hereinafter called "Shur-Fit"). Appellant had obtained a judgment against Edwin J. Grunwald in the Supreme Court, Queens County, which was entered on August 3, 1966. On August 12, 1966 appellant served a restraining-notice-to-garnishee on H. R. H., restraining it from selling, assigning, transferring or interfering with any property in which Grunwald and the business he conducted under the name of Shur-Fit had an interest. On August 26, 1966, H. R. H. moved for an order vacating the restraining notice. Appellant opposed that motion and moved for a turnover order. Appellant and H. R. H. then entered into a stipulation, dated September 9, 1966, under which they agreed to withdraw their motions and H. R. H. agreed to abide by the restraining notice to the extent that it would withhold, from the payments it was obligated to make to Shur-Fit under a contract with Shur-Fit, a sum equaling 15% of each installment payment and, after full completion of the contract, "an aggregate withholding of not less than $12,000." By agreement of the parties to the stipulation, it was incorporated in an order of the court dated September 23, 1966. On April 28, 1967, in an action by respondent Goldman against Shur-Fit in the Supreme Court, New York County, a judgment was entered in favor of Goldman; and execution was issued thereafter to the Sheriff of the City of New York, which was served on H. R. H. on June 23, 1967. By notice of petition dated June 27, 1967, appellant brought the present proceeding to vacate Goldman's execution and for an adjudication that his claim was superior to Goldman's. Special Term held that appellant had failed to show any statutory authority for enforcement of his judgment against the funds held by H. R. H. for the account of Shur-Fit. It ruled that the stipulation could not be interpreted as "' an order for delivery of, payment of * * * a debt owed to the judgment debtor * * *' (CPLR 5202 [b])." Furthermore, the court refused to attempt to pierce the corporate veil for the purpose of enforcing appellant's judgment. Finally, Special Term concluded that Goldman was entitled to priority, citing *Matter of Bankers Trust Co.* v. *State of New York* (28 A D 2d 272). On this appeal, appellant argues that he had pierced the corporate veil in his suit against Grunwald and that by the stipulation and order he had achieved priority through the use of CPLR 5240. Even assuming, *arguendo*, that the corporate veil was pierced, we cannot agree with appellant's interpretation of section 5240. That section was clearly intended to empower the courts to prevent unreasonable annoyance and abuse in the use of the provisions of article 52 of the CPLR in enforcing judgments (see Practice Commentary by Professor David D. Siegel in McKinney's Cons. Laws of N. Y., Book 7B, vol. for CPLR 5101–6000, p. 203; N. Y. Legis. Doc., 1959, No. 17, Third Preliminary Report of Advisory Committee on Practice and Procedure, p. 314; *Kaplan* v. *Supak & Sons Mfg. Co.*, 46 Misc 2d 574). Section 5240 was clearly intended to be the equivalent, in CPLR article 52, of CPLR 3103 (subd. [a]), which empowers the courts to make protective orders with respect to disclosure devised under CPLR article 31. It is not an alternate procedure for achieving priority. Accordingly, we are of the opinion that appellant achieved no greater rights by the stipulation and order, since the priority requirements of article 52 had to be satisfied for him to achieve priority. Any other measure employed by appellant, no matter how diligent,

is insufficient to qualify for priority (see *City of New York v. Panzirer,* 23 A D 2d 158). Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.