OPINION OF THE COURT
Martin B. Klein, J.
In this action, plaintiff, Davis-Delaney-Arrow, Inc. ("DDA”), has already entered judgment for over $800,000 against defendants Gerson-Ogden, Inc., Seymour Gerson and Saul Gerson ("Gerson”) no part of which has been paid. Gerson-Ogden, Inc., has two unrelated actions pending against Tempo Communica *8 tians, Inc. (TCI), in which it seeks damages totaling some $30,000,000. DDA, in an effort to collect its judgment, has levied upon Gerson’s two causes of action as personal property belonging to Gerson and has directed the Sheriff to sell them. The special character of this situation arises from the fact that DDA is a subsidiary of TCI.
Gerson, asserting that DDA is attempting to "attach” the two lawsuits against its parent for the purposes of obliterating them, moves herein to restrain DDA, its attorneys and the Sheriff from proceeding with the contemplated sale now or in the future.
A judgment creditor may enforce his judgment against debtors of his judgment debtor and compel them to pay it, rather than said judgment debtor (CPLR 5201, subd [a]). A debt may consist of a cause of action (CPLR 5201, subd [a], last sentence; see, also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5201:2, C5227:2). A judgment creditor may bring a special proceeding to compel its judgment debtor’s debtor to pay it (CPLR 5239), may have a receiver appointed for the cause of action (CPLR 5228), may intervene in his judgment debtor’s action (CPLR 5227), or may bring his own special proceeding and move to consolidate it with its judgment debtor’s separate action (CPLR 602).
Recognizing that innumerable situations can give rise to abuse of the afore-mentioned enforcement of judgment devices, this court decides the motion herein solely on the basis of its power under CPLR 5240, which states in part: "The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure.”
The purpose of this section is to vest the court with broad discretionary power to protect persons from unreasonable annoyance and abuse in enforcing judgments (Tweedie Constr. Co. v Stoesser, 65 AD2d 657; Cook v H. R. H. Constr. Corp., 32 AD2d 806). Section 5240 was clearly intended to be the equivalent, in CPLR article 52, of CPLR 3103 (subd [a]), which empowers the courts to make protective orders with respect to disclosure devices under CPLR article 31. (Cook v H. R. H. Constr. Corp., supra; see, also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5240:l.)
It appears, in the case at bar, that DDA does not propose to *9 substitute itself as plaintiff in Gerson’s actions and sue its own parent. In such a case, DDA would be obliged, as trustee for Gerson, to press the latter’s claims. However, inasmuch as DDA is a subsidiary of TCI, an obvious conflict of interest would be created. Instead, DDA proposes to sell the lawsuits to the highest bidder. Practically speaking, however, the only bidders could be TCI itself and DDA. A stranger would not bid on a lawsuit requiring the co-operation of Gerson but where Gerson may not stand to gain anything thereby. It would appear that DDA, as judgment creditor of Gerson would have no obligation to press the claims in good faith against its parent. The court must, therefore, conclude that the real effect of any such sale of these actions against TCI would be to obliterate them altogether.
Only TCI and, in theory, its subsidiary DDA stand to gain by such a sale whereas Gerson will clearly be harmed thereby. On the other hand, the court foresees no harm to DDA in permitting Gerson to press its claims against TCI. The court, therefore restrains DDA, its attorneys and the Sheriff, now or in the future, from selling Gerson’s causes of action against TCI.