OPINION OF THE COURT
Stanley Harwood, J.
Motion by defendant for nunc pro tunc entry and docketing of a money judgment is denied. The cross motion by attorney for plaintiff for similar relief is denied.
This court presided over the trial of this matrimonial action. Pursuant to its memorandum decision of August 24, 1982, the court determined, inter alia, that defendant should be awarded exclusive occupancy of the former marital residence until the parties’ youngest child, now four, reached the age of 21. At that time, or at such other time as the parties agreed, the premises are to be sold and the proceeds divided equally between the parties, subject to certain credits accruing to defendant. The court also determined that defendant was entitled to one half the value of plaintiff’s one-half vested interest in a pension, i.e., $4,544, and made a distributive award to defendant in that amount. Plaintiff was given the option of paying the award *745 within 60 days of service of a copy of the judgment to be entered, or at anytime thereafter with interest from date of entry of the judgment. If not paid by the time the residence was sold, plaintiff was to pay defendant the amount owed including interest, out of his share of the proceeds of the sale. The judgment based on the memorandum decision was granted October 12, 1982, and entered October 18, 1982.
Defendant now seeks to have the court award her a money judgment for $4,544, and to direct the clerk of the court and county to enter and docket that judgment as of October 12,1982. The stated impetus for this application is the docketing in February, 1983, of a judgment against plaintiff obtained by his attorney “by confession” in the amount of $12,000. That sum represents amounts due for services rendered to plaintiff in the matrimonial action. Defendant contends that only recently did she learn of counsel’s judgment, and of his “intention” to immediately execute against plaintiff’s interest in the former marital residence. The source of defendant’s knowledge was plaintiff, not his counsel, who on this motion refers only to his “future” rights to execute. Defendant contends that the only practical means of securing payment of the distributive award is by reducing it to judgment and to give her judgment lien priority over counsel’s lien. Other judgment liens would be affected as well, although defendant made no reference to them in her original moving papers. Defendant alleges without contradiction that the distributive award has not been paid, but she does not state if or when the judgment of divorce was served upon plaintiff.
Counsel for plaintiff opposes the motion on his own behalf, asserting that defendant’s motion is patently defective since there has been no joinder of all judgment creditors, that it is an attempt to interfere with the contract between plaintiff and counsel, and that it is violative of counsel’s statutory and due process rights as a judgment creditor. However, counsel simultaneously cross-moves for an order directing that the county clerk docket his judgment by confession as of October 1, 1982. The basis stated for this application is that counsel received the confession of judgment from plaintiff on October 1, 1982, and that in *746 December, 1982, it was returned by the county clerk because the affidavit of confession was separate from the judgment itself. If granted, counsel’s application would give his judgment priority over a lien obtained by defendant by the docketing of a money judgment for arrears in support on October 18, 1982, and included with the judgment for divorce. It would also give counsel’s lien priority over a lien by Citibank, which obtained a judgment against plaintiff in the amount of $5,820, docketed December 27, 1982.
By way of reply and additional opposition, each side submits, inter alia, documentation concerning outstanding judgment liens. These documents reveal that numerous judgments have been docketed as liens, the majority of them against plaintiff only, and some before and some after the dates pertinent hereto. Although the documents submitted by each side are not entirely consistent as to the number and amount of those judgments, it appears that some $45,000 to $50,000 in judgments have been docketed against plaintiff. Defendant points out that four of those, totaling approximately $35,000 were obtained by confession. Each of these judgments by confession was docketed after entry and docketing of the judgment of divorce, and in each case the judgment creditor is someone personally associated with plaintiff: his father, his stepfather, his sister, and his attorney. Defendant asserts that these “judgments by confession” alone effectively and purposefully deprive her of any assurance that the distributive award will be paid: according to an appraiser’s report submitted by defendant, the current value of the former marital residence is $75,000.
Defendant contends that CPLR 5240 vests this court with authority to grant the relief requested, or “whatever other relief” the court deems appropriate. Defendant does not appear to desire entry of a money judgment now for, she notes, proceeds from the sale of plaintiff’s one-half interest in the property would be insufficient to satisfy such a judgment because of prior judgment liens. Moreover, a present money judgment for the amount of the distributive award may very well “wipe out” any earlier equitable or other lien (see 35 NY Jur, Liens, §§ 12, 15; *747 CPLR 2222, 5101) which the award affords her. Defendant also suggests as alternatives to nunc pro tunc docketing, that the court, pursuant to CPLR 5240, deny confession judgment creditors the right to execute on their judgments until plaintiff has paid the distributive award or that the court condition executions by these creditors upon plaintiff’s payment of the distributive award. However, in relying on CPLR 5240, defendant appears to confuse her adequately protected status as an occupant of the property (see Bank of New York v Stauble, 84 AD2d 530; cf. CPLR 5206, subd [e]; CPLR 5240) with her status as one of plaintiff’s creditors. There is no tangible indication of the present use by any judgment creditor of any enforcement device to which the court’s protective powers attach (CPLR 5240) and which would affect her interest in the property as occupant and co-owner. With respect to her status as a creditor, and in the context of this postjudgment matrimonial proceeding, defendant suggests various approaches, all of which would have the effect of fixing various lien priorities (see Cook v H.R.H. Constr. Corp., 32 AD2d 806) and yet none of these remedies are to be ordered “on * * * such notice as * * * [the court] may * * * [direct]”. (CPLR 5240.) Each proposed solution achieves the same result as would be achieved by nunc pro tunc entry and docketing of a money judgment.
While this court has the power to direct nunc pro tunc relief (see Mansfield State Bank v Cohn, 58 NY2d 179) it may do so only to correct ministerial or clerical error. (Supra.) Defendant seeks to have the court substantively change the judgment of divorce so as to potentially affect the rights of third parties and she would have the court act without affording judgment creditors notice or opportunity to be heard. For his part, plaintiff’s counsel equates receipt by him of the confession of judgment with its proper docketing, and similarly seeks judgment lien priority over at least one judgment creditor to whom no notice has been given. Far more is involved in the maneuverings here than simple clerical error, and there is no basis for granting either the motion or cross motion. If defendant is presently aggrieved by the confessions of judgement obtained plaintiff's relatives, her remedy is an appropriately noticed *748 and commenced special proceeding or declaratory judgment action.