■ CHRISTINE BICKNELL, Respondent, v DAVID R. BICKNELL, Defendant, and SUNBANK/NAPLES, N.A., Appellant. [631 NYS2d 78] —In a matrimonial action in which the parties were divorced by an amended judgment dated September 22, 1993, nonparty, Sunbank/Naples, N.A., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Burrows, J.), entered November 26, 1993, as granted the plaintiff's motion to vacate its lien on funds held by a temporary receiver as security for future child support payments by the defendant David R. Bicknell, to the extent of directing that the funds be turned over to the plaintiff as permanent receiver and reordering the priority of interests in the funds pursuant to CPLR 5240.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion is denied.

The plaintiff failed to demonstrate that the invocation of CPLR 5240 was necessary to prevent " 'unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts' " *(Guardian Loan Co. v Early,* 47 NY2d 515, 519). The Supreme Court therefore erred in directing that the funds belonging to the defendant, who is a

judgment debtor of the appellant, be delivered to the plaintiff as permanent receiver for security against the defendant's future child support obligations. In so doing, the Supreme Court improperly used the statute as an alternative procedure for achieving priority (see, Cook v H.R.H. Constr. Corp., 32 AD2d 806). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.